PETER C. ANTHONY, Appellant, *v.* LEOPOLD WISE et al.,
Respondents.

In an action to have an assignment, executed by defendant G., of certain
judgments in his favor against the other defendants, set aside as fraudu-
lent, and to compel a reassignment thereof to plaintiff, it appeared that
the judgments were upon a claim of plaintiff, who, as he testified, being
a non-resident, transferred the claim to G., who was irresponsible, for a
nominal consideration to avoid giving security for costs. G. transferred
the judgments to one who purchased as agent for the other defendants.
In the action brought by G., the plaintiff here testified that he made the
assignment to G. *bona fide* and absolutely. *Held*, that plaintiff was
estopped from denying that the claim was the absolute property of G.

(Argued December 2, 1891; decided December 22, 1891.)

APPEAL from judgment of the General Term of the Supreme
Court in the first judicial department entered upon an order
made January 28, 1889, which affirmed a judgment in favor
of defendants entered upon a decision of the court on trial at
Special Term.

The following is the opinion in full:

"The plaintiff was a resident of New Jersey, and held a disputed claim for $500 against the defendants Leopold Wise and Charles Wise. This claim he assigned to the defendant John Gillen, who brought suit thereon in the City Court of New York, and recovered judgment. An appeal was taken to the General Term of that court, where there was an affirmance and an additional judgment for costs. A further appeal was then taken to the Court of Common Pleas, and whilst such appeal was pending, Gillen, in consideration of the sum of twenty-five dollars, assigned and transferred the judgments to the defendant Marcus Wise, who purchased the same for and on behalf of the defendants Leopold and Charles Wise, and at their request, but subject, however, to attorney's liens for costs amounting to about $200.

"The plaintiff herein, claiming to be the owner of the judgments, brings this action to have the conveyance by Gillen to Marcus Wise adjudged fraudulent, and that he be compelled to reassign the judgments to the plaintiff.

"The assignment of the claim by the plaintiff to Gillen was in consideration of the payment of one dollar, which payment was waived. The good faith of this transfer was questioned upon the trial of the Gillen action, and the plaintiff then testified that he had assigned the claim to Gillen *bona fide* and absolutely.

"Upon the trial of this action, he admitted that he so testified upon the trial of the former action, and further stated that he understood, in case he brought the action in his own name, that he would have to give security for costs; that he did not like to ask anyone to become bondsman for him, and that that was the reason he made the assignment; that he considered himself good; that he was informed and believed that Gillen was insolvent and worthless; that he thought that if Gillen failed to recover judgment upon the claim and a judgment for costs should go against him, not a dollar of it could be collected.

"Whatever equities may exist as between the plaintiff and Gillen, we quite agree with the learned General Term that the plaintiff, by his own testimony, is estopped from denying that the claim was the absolute property of Gillen.

"It is claimed, however, that after the trial, and after the jury had rendered a verdict, that then the plaintiff repurchased the claim from Gillen, paying him fifteen dollars therefor. The plaintiff so testifies, and that upon the payment of the money Gillen 'said that the claim was mine. I could have it. He said he would make an assignment any time I asked it.'

"Subsequently, however, when an assignment of the judgments was presented to Gillen to be executed, he refused to sign the same.

"There is evidence that corroborates the plaintiff to some extent, but it is sharply controverted by the testimony of Gillen. Whilst he admits that he received on one occasion fifteen dollars, and on another occasion one dollar, he denies that there was any conversation after the recovery of the judgment, or after the jury came in with the verdict, in which he sold or agreed to assign the claim or the judgment to the plaintiff.

"Upon this conflict in the testimony the trial court has found that the allegations of the plaintiff, to the effect that he was the owner of the judgments, was not sustained by the evidence, and refused to find that there was a parol assignment of the judgments.

"This conclusion has been approved by the General Term, and such finding must, in this court, be regarded as final.

"If the plaintiff was neither the legal nor equitable owner of the judgments in question, he is not in a position to maintain the action. It will not, therefore, be necessary to consider the other questions discussed by the appellant.

"The judgment should be affirmed, with costs."

*A. J. Skinner* for appellant.

*John H. V. Arnold* for respondents.

HAIGHT, J., reads for affirmance.
All concur.
Judgment affirmed.