## NATIONAL STEAMSHIP COMPANY *v.* TUGMAN.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF NEW YORK.

No. 150. Argued January 11, 1892. — Decided February 1, 1892.

In a case reversed in this court and remanded to a state court upon the ground that that court had lost its jurisdiction by petition and bond for removal, the propriety of staying proceedings in the Circuit Court after removal, until costs adjudged in the state court are paid, is purely a matter of discretion in the Circuit Court

On the trial of an action to recover from a carrier freights improperly collected from the consignees on shipments by plaintiff, plaintiff, who was his own witness, was asked several questions with the apparent design of showing that he had had other transactions with the defendant, upon which he was indebted to defendant, and that there was a judgment pending against him in favor of defendant. *Held,* that these questions were not admissible.

It being shown that a paper was served as a copy of an affidavit on behalf of the defendant, with an order to show cause in the action on trial, it is

thereby sufficiently authenticated to enable it to be read in evidence against him, and it is competent evidence on behalf of the plaintiff as an admission by the defendant that the facts stated in the affidavit are true.

THE case is stated in the opinion.

*Mr. John Chetwood* for plaintiff in error.

*Mr. Delos McCurdy* for defendant in error.

MR. JUSTICE BROWN delivered the opinion of the court.

This was an action at law originally begun in the Supreme Court of the State of New York, Kings County, by the plaintiff Tugman, to recover of the National Steamship Company, defendant, for the conversion of freights alleged to have been wrongfully and fraudulently collected from the consignees of certain cargoes shipped by the plaintiff upon the defendant's vessels. Upon entering its appearance the defendant filed a petition and bond for the removal of the action to the Circuit Court of the United States for the Eastern District of New York, upon the ground of the citizenship of the plaintiff and its own alienage. The removal was denied by the state court, the case tried and judgment rendered in favor of the plaintiff, which was affirmed by the General Term, and again by the Court of Appeals. A writ of error was thereupon sued out from this court, and the case reversed with $108.34 costs, upon the ground that the state court lost its jurisdiction by the petition and bond for removal. The case was remanded to the state court with direction to accept the bond and " proceed no further in the cause." 106 U. S. 118.

On filing the mandate of this court in the Supreme Court of New York, the defendant steamship company had its costs taxed at $1206.33, including an extra allowance of $500 ordered by the court, and a judgment was entered in that court for this sum. A transcript having been filed in the Circuit Court of the United States, and the case coming on for trial, the defendant moved for a stay of proceedings until its costs were paid, and the court ordered a stay until the payment of the costs, $108.34, in this court only. 30 Fed. Rep. 802. Defendant

declined to receive this amount, whereupon the stay was vacated, the case went to trial, and plaintiff recovered a verdict and judgment under the direction of the court for $7549.59. To reverse this judgment the defendant sued out a writ of error from this court.

(1) The first assignment of error of the steamship company is to the refusal of the court to stay proceedings on the part of the plaintiff until the payment of the costs in the state courts, as taxed. We do not deem it necessary to express an opinion whether, in view of our mandate to accept the bond for removal and proceed no further in the case, the state court had jurisdiction to enter up a judgment for costs against the plaintiff in that court, since the propriety of staying proceedings until payment of these costs, whether evidenced by a judgment or by a simple taxation, was purely a matter of discretion in the court below. There were certain reasons why, in the exercise of a sound discretion, that court might refuse such stay. The plaintiff had obtained a judgment in the state court which had been affirmed by the General Term and the Court of Appeals. Such judgment, it is true, had been reversed by this court, not by reason of any want of merits, however, but for the failure of that court to recognize a removal of the cause to the Circuit Court of the United States. Under such circumstances, and in view of the apparent inability of the plaintiff to pay these costs, it was perfectly competent for the court to permit him to go on with the case upon the assumption that, if he succeeded in obtaining a judgment, the right, if it had any, of defendant to such costs could be secured by deducting them from such judgment. The result of the trial having been again adverse to the defendant, it certainly has no right to complain of that which could work it no possible injury.

(2) Upon the examination of the plaintiff, who was his own witness, he was asked several questions with the apparent design of showing that he had had transactions with the defendant in New York, upon which he was indebted to it, and that there was a judgment pending against him in favor of the defendant. This was clearly immaterial. The fact that he

was indebted to the defendant in other transactions had no ten-dency to show that he had not a valid claim against it in this one. If offered for the purpose of showing a conspiracy be-tween plaintiff and defendant's agent, Carhart, to defraud the defendant, it is sufficient to say that this would constitute an independent defence, and one which was not set up in the answer, and was not admissible under a general denial.

Nor were the answers to these questions admissible to show his interest in the suit, since, being himself the plaintiff, that was already clearly manifest.

(3) There was no error in admitting the affidavit of Hurst. It seems that on the trial in the state court before a referee an order was obtained by the defendant upon the plaintiff to show cause why the answer should not be amended by setting up a conspiracy between plaintiff and defendant's agent; that the affidavit of Hurst was made in support of this order; and that a copy of said order was served upon plaintiff with the copy of this affidavit, which was the copy offered in evidence. Its admissibility being objected to upon the ground that it had not been properly proved, the plaintiff called as his own witness Mr. Chetwood, the attorney for defendant, who testified that he was unable to produce the original of the affidavit because it was upon the files of the state court; that he thought the copy was in the handwriting of a clerk who was in the office at the time; and that he presumed that the paper offered in evidence was the copy served on the other side with the order to show cause. His testimony was also corroborated by that of his managing clerk, who also swore that it was in the hand-writing of one of the clerks in the office, and that he had no doubt it was a copy of the affidavit which was served with the order to show cause. The fact that the paper offered in evidence was served as a copy of the affidavit with the order to show cause in this same suit was sufficient evidence of its authenticity to enable it to be read against the defendant, who made use of it to obtain the order. *Insurance Co.* v. *Newton,* 22 Wall. 32; *Richelieu Nav. Co.* v. *Boston Ins. Co.,* 136 U. S. 408.

The affidavit which was made by the sole managing agent

of the defendant company, stated that "the ocean rate having risen, defendants collected the excess on the other side and refused to account for it in any way to plaintiff, with whom they supposed they had no contract and to whom they supposed they were under no liability." Having been made in this same suit, and having been used by the defendant to obtain the order for leave to amend its answer, it was competent evidence in behalf of the plaintiff as an admission by the defendant that the facts stated in it were true. Having affirmed that it was credible when used for one purpose defendant will not be permitted to repudiate it when offered for another purpose.

Various other exceptions were taken to the admission of testimony, but we find no error in respect to any of them. The instruction of the court to find in favor of the plaintiff was clearly correct, and the judgment will be

*Affirmed.*