VICTORIA LACOUR *vs.* SPRINGFIELD STREET RAILWAY COMPANY.

CHARLES F. LACOUR *vs.* SAME.

Hampden.      September 22, 1908. — October 21, 1908.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Negligence,* Street Railway.

At the trial of an action of tort against a street railway company, brought by a woman to recover for personal injuries alleged to have been received by her because, while she was entering a car of the defendant at the rear platform, the car was started so suddenly as to cause her to fall upon the platform, there was evidence tending to show that the car was a small, closed electric car, that the plaintiff, in the act of entering the car, had one foot on the platform and was in the act of bringing the other foot from the step up to the platform, in the meantime having a good hold upon a brass rod which ran across a back window of the car immediately at her right, when, at a signal from the conductor to the motorman, the car was started so suddenly that her good hold was broken, she was thrown against an electric controller at the back of the platform, and then fell to the floor. *Held,* that there was evidence of negligence of the conductor in starting the car too soon, and of the motorman in starting it with too violent a jerk.

TWO ACTIONS OF TORT, the first for personal injuries alleged to have been received by the plaintiff and due to her having fallen upon the floor of a platform of a car of the defendant because the car was started suddenly as she was in the act of entering it. The second action was by the husband of the plaintiff in the first. Writs in the Superior Court for the county of Hampden dated April 16, 1907, and February 11, 1908, respectively.

The cases were tried together before *Wait,* J., and verdicts were found for the plaintiffs. The defendant alleged exceptions. The facts are stated in the opinion.

The case was submitted on briefs.

*H. W. Ely & J. B. Ely*, for the defendants.

*J. B. Carroll & W. H. McClintock*, for the plaintiffs.

LORING, J.   If Mrs. Lacour's story was believed, there was a case for the jury in both cases.   Her story was that she signalled a small closed electric car, belonging to the defendant, to stop for her, and that when she had one foot on the step and the other on the platform, and while she was in the act of bringing on to the platform the foot on the step, the conductor signalled to the motorman to start the car, and it started forward suddenly and with such a jerk that it broke a good hold which she had on one of the brass rods across the rear window, and she was thrown against the controller with such force that she rebounded and fell on her hands and knees.

It was for the jury to say whether the car was started too soon, as in *Gordon* v. *West End Street Railway*, 175 Mass. 181, and in *Hamilton* v. *Boston & Northern Street Railway*, 193 Mass. 324.   The plaintiff in the case at bar had not got fully and fairly on the car within the rule established in *Weeks* v. *Boston Elevated Railway*, 190 Mass. 563, and in *Sauvan* v. *Citizens' Electric Street Railway*, 197 Mass. 176.   In the first of these two cases the person injured was walking up the aisle of the car when the sudden start came, and in the second she was stepping from the platform into the body of the car.

It was also for the jury to say on the evidence in the case at bar whether the motorman was negligent in starting the car as he did.   The evidence here went further than that in *McGann* v. *Boston Elevated Railway*, 199 Mass. 446; *Stevens* v. *Boston Elevated Railway*, 199 Mass. 472; and the cases on which the decisions in those two cases were made.   The evidence in the case at bar supplied what was missing there, namely, the description of a physical act which could be said to be a negligent one.   In the case at bar the start of the car was so sudden and violent as to break the "good hold" which the plaintiff had on the brass rod across the window.

*Exceptions overruled.*