EMMA BLACK *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Middlesex.    March 18, 1910. — May 18, 1910.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Negligence,* Street railway.

At the trial of an action against a street railway company by a woman passenger who, while standing in an electric car of the defendant because of the car's crowded condition and holding on to a strap, was injured by a jolt of the car, there was evidence that the plaintiff, when injured, had a firm grasp upon the strap with her hand through the loop and her thumb outside, and that the jolt of the car was so severe that her hand was wrenched from the strap. The plaintiff testified as to the cause of the car stopping, "it just seemed to me that it was a regular stop; I have an indistinct recollection of some one passing in front of me as though they went out of the front door." The defendant contended that the plaintiff could not recover without showing that the stop was not one made by the defendant's servants to avoid a collision. Subject to an exception by the defendant, the presiding judge refused to rule that there was no evidence of negligence on its part. *Held,* that the refusal was correct, because there was evidence which justified a finding that the car was stopped to let passengers get off and not to avoid a collision, and therefore that the suddenness of the stop was negligent.

TORT for personal injuries received by the plaintiff, who, the declaration alleged, " owing to the crowding on the car " of the defendant on which she was riding as a passenger, " was obliged to stand in said car," and was injured by reason of the negligent management of the car by the defendant's servants. Writ dated December 24, 1906.

The case was tried before *White*, J. The facts are stated in the opinion. At the close of the evidence the presiding judge

refused to rule that there was no evidence of negligence on the part of the defendant. The jury found for the plaintiff; and the defendant alleged exceptions.

*F. W. Fosdick*, for the defendant.

*R. H. Sherman*, for the plaintiff.

LORING, J. The plaintiff testified that she was standing up with her hand through the loop of "the strap," and her thumb on the outside; that she had hold of the strap "firmly," and that "the strap was wrenched right out of my hand" by the car's stopping "very suddenly," more suddenly than she ever had seen a car stop, although she had been in the habit of riding on electric cars "for a long while" before the accident. She also testified that "a number of other people" standing in the car near her were thrown forward and back again by the sudden stop. This evidence, if believed, showed that the stop here in question was not of the kind incident to travel on an electric car and the case comes within *Lacour* v. *Springfield Street Railway*, 200 Mass. 34, and *Cutts* v. *Boston Elevated Railway*, 202 Mass. 450, and not within *McGann* v. *Boston Elevated Railway*, 199 Mass. 446, and *Stevens* v. *Boston Elevated Railway*, 199 Mass. 471.

This has not been seriously questioned by the defendant. The contention put forward by it is that in a case like that now before us a plaintiff does not go far enough with his proof to make out a *prima facie* case of negligence in the stopping of the car unless he goes farther and introduces evidence to show that the sudden stop was not made to avoid a collision; and it relies on what was said by Lathrop, J., in *Timms* v. *Old Colony Street Railway*, 183 Mass. 193, in support of this contention. But that point was not decided in *Timms* v. *Old Colony Street Railway*. The stop there in question was of the kind which is incident to travel on electric cars. See in this connection *Magee* v. *New York, New Haven, & Hartford Railroad*, 195 Mass. 111, 113; *Partelow* v. *Newton & Boston Street Railway*, 196 Mass. 24, 31; *McGann* v. *Boston Elevated Railway*, 199 Mass. 446, 448, 449; *Stevens* v. *Boston Elevated Railway*, 199 Mass. 471, 475.

It is not necessary to decide the point in the case at bar. In the case at bar the plaintiff did go farther. She testified that she did not remember distinctly, but "it just seemed to me that

it was a regular stop; I have an indistinct recollection of some one passing in front of me as though they went out of the front door." This justified a finding that the car was stopped to let passengers get off the car and not to avoid a collision.

*Exceptions overruled.*