## SMITH v. BOSTON ELEVATED RY. CO.

(Circuit Court of Appeals, First Circuit. January 31, 1911.)

No. 899.

1. ESTOPPEL (§ 69*)—GROUNDS OF EQUITABLE ESTOPPEL—INCONSISTENT TESTIMONY OF PARTY IN SUCCESSIVE TRIALS.

A party testifying under oath is more than a mere witness. He is an actor, seeking the intervention of the judicial power in his behalf, and a plaintiff, after having sworn to facts resting in his own observation and knowledge before one jury, should not be permitted to swear to facts directly inconsistent, and to obtain from a second jury a verdict in his favor which will involve the conclusion that his testimony at the first trial was knowingly false.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. §§ 170–172; Dec. Dig. § 69.*]

2. APPEAL AND ERROR (§ 1213*)—REVERSAL—NEW TRIAL—DIRECTION OF VERDICT.

Plaintiff recovered a judgment against a street railroad company for an injury received by being thrown down by the starting of a car as she was passing from the vestibule through the doorway, which judgment was reversed by the appellate court; one of its holdings being that the evidence was insufficient to show that the car started with an unusually violent jerk as alleged. Plaintiff had testified that, as the car started, she tried to catch hold of the door, but could not. On the second trial she testified that, when thrown, she was holding to the door, and leaning heavily against it, which testimony was uncorroborated. *Held*, that her testimony was so inconsistent with that given on the former trial as to discredit her, and to justify the court in directing a verdict for defendant; the other testimony being no more favorable to her than on the first trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4714; Dec. Dig. § 1213.*]

In Error to the Circuit Court of the United States for the District of Massachusetts.

Action at law by Pauline A. Smith against the Boston Elevated Railway Company. Judgment for defendant, and plaintiff brings error. Affirmed.

Julian C. Woodman, for plaintiff in error.

M. F. Dickinson and Walter Bates Farr, for defendant in error.

Before COLT and PUTNAM, Circuit Judges, and BROWN, District Judge.

BROWN, District Judge. This is a writ of error brought after the direction of a verdict for the defendant on the second jury trial of an action of tort for personal injuries.

A verdict for the plaintiff at the first trial was set aside for reasons set forth in our opinion of March 16, 1909. 168 Fed. 628. At the second trial, though the plaintiff made changes in her testimony, a verdict was directed for the defendant.

At the first trial it appeared that the plaintiff fell while entering the defendant's car. At the argument before us on the former writ of

error it was contended that the testimony showed negligence of the defendant in two particulars: That the car was started with unusual violence, and that the conductor was guilty of negligence in starting the car too soon.

The charge of negligence in starting the car too soon was based upon the contention that the plaintiff "was just in that unstable equilibrium which would make a start very dangerous for a woman in her situation, and that the conductor knew it or recklessly took the chances."

Upon the hearing of the present writ of error it was contended in her behalf:

"She was holding her umbrella and small handbag and skirt in her left hand, and had a good hold on the side of the framework of the doorway with her right hand, and was leaning hard against it with her shoulder."

While the present record hardly justifies this version of the plaintiff's testimony, it does contain testimony of the plaintiff to the effect that her right hand and right shoulder were braced against the facing of the door.

Having found in our previous opinion that under the authorities cited the car was not started prematurely though the plaintiff was not braced against the door, it follows that the changed testimony to the effect that she was braced can have no effect to modify our opinion as to the insufficiency of the testimony to show negligence in giving the starting signal too soon. As the present testimony upon this point is less favorable to the plaintiff than her previous testimony, our former opinion is conclusive upon this question.

As to the charge that the car was started with unusual violence, the changed testimony is apparently directed to meet that part of our former opinion which said that her position was such that any ordinary jerk of the car in starting would be likely to throw her down, and that the plaintiff's testimony as to the manner in which she fell was consistent with the ordinary jerk of the car in starting and inconsistent with any sudden or violent jerk.

It is now urged that although the plaintiff was holding on to the side of the framework of the door, and bracing herself against it with her shoulder, the start was so violent as to throw her down. The following Massachusetts cases are cited: Nolan v. Newton St. Ry. Co., Banker & Tradesman (September 7, 1910) 206 Mass. 384, 92 N. E. 505; Lacour v. Springfield St. Ry. Co., 200 Mass. 34, 85 N. E. 868; Black v. Boston Elevated Ry. Co., 206 Mass. 80, 91 N. E. 891; Cutts v. Boston Elevated Ry. Co., 202 Mass. 450, 89 N. E. 21.

In the former trial the plaintiff's whole testimony, as well as the argument of counsel thereon, shows that she was not braced. Her former statement—

"I tried to reach forward to catch the door or something to hold myself, but I couldn't," .

—is directly inconsistent with the statement that:

"I held on to the side of the door and leaned against it, and I leaned hard against it with my shoulder."

Upon a consideration of her testimony in the two trials, it is apparent that there is a complete departure from the original claim that the plaintiff was in such unstable equilibrium that it was negligent to give a starting signal, to the present claim that she was so well braced and had such a good hold that only a violent jerk of the car of an unusual character could have caused her to fall.

We have before us two inconsistent versions given by the plaintiff of the same occurrence.

As the inconsistency is in the testimony of a party, a stricter rule is applicable than where the inconsistency is in the testimony of an ordinary witness. Previous inconsistent statements of a witness other than a party ordinarily go merely to the credit of the witness, and upon a second trial it may be left to a jury to decide which of the inconsistent statements is to be credited. The sworn testimony of a party, who has control of his case, with power to bind himself conclusively by pleadings, stipulations or admissions, as to facts resting upon his own knowledge, is of such solemn character that, in the absence of a clear showing of mistake, inadvertency, or oversight, it should ordinarily be regarded as precluding him from seeking to establish before another jury an inconsistent state of facts. While it is true that upon a second trial the plaintiff's case may be changed or strengthened by new testimony, yet the right of a plaintiff at a second trial to make by his own testimony a complete departure from the case presented at the first trial is not unlimited.

A plaintiff, we think, after having sworn to facts resting in his own observation and knowledge before one jury, should not be permitted to swear to facts directly inconsistent and to obtain from a second jury a verdict in his favor which will involve the conclusion that his testimony at the first trial was knowingly false. A party testifying under oath is more than a mere witness. He is an actor seeking the intervention of the judicial power in his behalf, and thus subject to the rule "allegans contraria non est audiendus," which, as stated in Broom's Legal Maxims, p. 130, "expresses in technical language the trite saying of Lord Kenyon that a man should not be permitted to 'blow hot and cold' with reference to the same transaction, or insist at different times, on the truth of each of two conflicting allegations according to the promptings of his private interest." This principle is illustrated in Harriman v. Northern Securities Co., 197 U. S. 244–294, 25 Sup. Ct. 493, 49 L. Ed. 739; Davis v. Wakelee, 156 U. S. 680, 689, et seq., 15 Sup. Ct. 555, 39 L. Ed. 578; Sturm v. Boker, 150 U. S. 312–334, 14 Sup. Ct. 99, 37 L. Ed. 1093; National Steamship Co. v. Tugman, 143 U. S. 28–32, 12 Sup. Ct. 361, 36 L. Ed. 63; Pope v. Allis, 115 U. S. 370, 6 Sup. Ct. 69, 29 L. Ed. 393; Railway Co. v. McCarthy, 96 U. S. 267, 24 L. Ed. 693.

In the present case, the plaintiff upon the former writ of error had a full hearing upon the question of her legal rights upon the state of facts upon which she rested before a jury and before this court. If, after an adverse decision of this court she is at liberty to change her own testimony at will, then there is no practical limit to litigation. In Hamilton v. Frothingham, 71 Mich. 616, 40 N. W. 15, it was said:

" * * * The plaintiff cannot be permitted to take a position wholly inconsistent with that taken on the former trials. The contract now claimed under is wholly inconsistent with that claimed upon the former trials. If this contract was made, then the one upon which the former recovery was had did not exist, and no recovery could have been had thereunder. If the contract was to pay all over $8000, then an express contract to pay a certain and specific sum did not exist."

"If such inconsistent positions were allowed to be taken in courts of justice, there would be no end to litigation. Parties finding that contracts upon which they have relied for recovery cannot be upheld in the courts are not permitted under the same pleadings and bills of particulars to retry their case upon an entirely different contract, and one entirely contradictory to the one first claimed under, even for the purpose of meeting the opinion of this court, and squaring their case with it."

As the plaintiff was not corroborated, and as she was discredited by her former inconsistent testimony, we are of the opinion that, in the absence of any substantial explanation of this inconsistency, the trial judge was justified in concluding that, if the plaintiff should have a verdict, it would be his duty to set it aside, and therefore in directing a verdict for the defendant.

We have considered, of course, whether the testimony at the two trials is reconcilable upon the view that the changes were merely in supplying details inadvertently omitted upon the first trial, but are unable to avoid the conclusion that the statements are directly inconsistent and cannot be reconciled.

Recognizing the rule that upon a new trial a party should be afforded a large and liberal opportunity for supplying omissions and for explanations, this does not avail the plaintiff in error, since the most liberal application of this rule cannot justify the present substitution of a new and inconsistent case by the uncorroborated testimony of a party.

Upon the whole it seems apparent that at the second trial the plaintiff's testimony was directed to meeting the statement in our former opinion that the plaintiff was in such a position "that any ordinary jerk of the car in starting would be likely to throw her down, unless she braced herself in some way against the side of the door," by showing that she did this by bracing her shoulder heavily against the door, and also by showing that she had a good hold with her hand, thus bringing herself within those cases above cited in which it was held that the fact that a good hand hold was broken is evidence of a violent and negligent starting of the car.

The plaintiff also assigns error in the exclusion of expert testimony, but, as each of the questions excluded was predicated upon the plaintiff's changed testimony and upon an assumption that the plaintiff was braced or leaning against the frame of the door when the car started, we need not consider them, since our finding that the plaintiff is precluded from asserting these facts cuts under all questions which assume the existence of these facts.

The judgment of the Circuit Court is affirmed, and the defendant in error recovers its costs of appeal.