ANNIE McCARTHY v. BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    March 14, 1911. — April 4, 1911.

Present: KNOWLTON, C. J., MORTON, HAMMOND, SHELDON, & RUGG, JJ.

*Negligence*, Street railway.    *Evidence*, Presumptions and burden of proof.

At the trial of an action by a woman against a street railway company, if the plaintiff is the only witness on the question of liability and in her direct examination testifies that, while, in full sight of the conductor, she was attempting to board a box electric street car of the defendant when it was at a standstill and had put her foot upon the second step of the rear entrance and had hold of the handle of the door, the conductor gave the signal for the starting of the car and the car started so suddenly as to break her hold and throw her down and injure her, the questions, whether the plaintiff was in the exercise of due care, and whether the motorman and the conductor, either or both, were negligent, are for the jury.

If the plaintiff is the only witness in his own behalf at the trial of an action and the facts testified to by him in direct examination will warrant the submission of the case to the jury, statements made by him in cross-examination which are in some respects in conflict with those made in direct examination will not prevent the case being so submitted, such a conflict being simply a matter for the jury to weigh.

TORT for personal injuries alleged to have been received by the plaintiff from being thrown down by the starting of a box electric street car of the defendant while she was in the act of entering it.    Writ dated March 5, 1908.

In the Superior Court the case was tried before *Dana*, J.    The plaintiff was the only witness who testified as to facts bearing on the question of liability of the defendant.    The facts are stated in the opinion.    "At the close of the plaintiff's case the presiding judge ordered a verdict for the defendant without requiring the defendant to rest, and at the request of the plaintiff reported the case for the determination of the full court, — if the ruling was right, judgment to be entered on the verdict; if wrong, the case to be remanded for a new trial."

*F. P. Garland*, for the plaintiff.

*F. M. Ives*, for the defendant.

SHELDON, J.    Taking the evidence, as upon this report it must be taken, most favorably for the plaintiff, the jury could have found that she attempted to board the defendant's car in

full sight of the conductor and while it was at a standstill; but that before she had got fairly upon the car, as soon as she had put her foot upon the second step at the rear entrance, the conductor gave the signal for the car to start, and it started with so sudden and violent a jerk as to throw her down and injure her, although as might have been found she had hold upon the handle of the door. From these facts, the jury could draw the inferences that she was in the exercise of due care, that the conductor was negligent in starting the car before she had reached a place of safety upon it, and, if her hold was so broken, that the motorman was· negligent in the manner in which he started the car. *Rand* v. *Boston Elevated Railway,* 198 Mass. 569. *Lacour* v. *Springfield Street Railway,* 200 Mass. 34. *Ryan* v. *Pittsfield Electric Street Railway,* 203 Mass. 283. *Tupper·* v. *Boston Elevated Railway,* 204 Mass. 151. *Black* v. *Boston Elevated Railway,* 206 Mass. 80, 81. *Work* v. *Boston Elevated Railway,* 207 Mass. 447.

That the plaintiff's testimony on cross-examination differed in some respects from her statements on direct examination was simply a matter for the jury to weigh.

Under the terms of the report there must be a new trial.

*So ordered.*