HOGAN v. AMERICAN AGR. CHEMICAL CO.

(Circuit Court of Appeals, First Circuit. April 17, 1912.)

No. 925.

MASTER AND SERVANT (§ 286*)—INJURY TO SERVANT—NEGLIGENCE—QUESTION
FOR JURY.

Evidence *held* to entitle a servant, suing for personal injuries sustained
while removing dangerous material from a bin, to go to the jury on the
issue whether the master negligently set him to work while the material
was in an unusual condition, giving rise to special danger not incident
to the ordinary work, and of which he was ignorant.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1001,
1006, 1008, 1010–1015, 1017–1033, 1036–1042, 1044, 1046, 1050; Dec. Dig.
§ 286.*]

In Error to the Circuit Court of the United States for the District of Massachusetts.

Action by John Hogan against the American Agricultural Chemical Company. There was a judgment for defendant, entered on a directed verdict, and plaintiff brings error. Reversed and remanded.

George R. Farnum, of Boston, Mass. (Hannigan & Fox, on the brief), for plaintiff in error.

Robert B. Stone, of Boston, Mass. (Richard Stone, on the brief), for defendant in error.

Before COLT, Circuit Judge, and ALDRICH and BROWN, District Judges.

BROWN, District Judge. The question upon this writ of error is whether the Circuit Court erred in directing a verdict for the defendant, on the ground that no proof had been offered of defendant's negligence.

The plaintiff, Hogan, was directed by defendant's foreman to remove from a bin a substance variously described by him as "phosphate stuff," "acid phosphate," and "fertilizer," which is prepared in a mixer and allowed to run down into a bin, where it is allowed to set. There was evidence to show that it was a dangerous substance, and was capable of causing bodily harm from its chemical nature.

The plaintiff testified that he had worked upon this material before and found it cold; that he had never found it hot before; that when he began to dig on the day of the injury it was fine and dry on the outside, and hard and crusty, and that he knew of no danger, and did not think the foreman would have sent him in there if it had not been safe; that he did not undermine the stuff, but that while he was digging the stuff came out on him from the middle of the pile; that it was pretty hot and steamy, and seriously injured him; that he had no knowledge how long the stuff had set there in the "den" or bin.

While the testimony offered is most meager and unsatisfactory, and there seems to be little justification for the attempt to establish a case with the minimum amount of proof of fact and of explanation of circumstances, yet there were facts in evidence from which, in the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

absence of contradiction, the jury might have found that the plaintiff was ordered to work upon the material before it had set to the ordinary condition in which he had previously worked upon it, and that the substance fell upon the plaintiff, not because it was undermined by him, but because it was dry and crusty only on the outside, while wet, steamy, and hot in the inside. Though there was no direct evidence that the material had not been allowed to set for the usual time, yet from the evidence that it was not in the usual condition; that it did not fall from being undermined, but came out of the middle of the pile in a hot, wet, and steamy condition, the jury was fairly entitled to make that inference.

We think that there was sufficient evidence to entitle the plaintiff to go to the jury upon the question whether the defendant negligently set the plaintiff to work while the material was in an unusual condition, giving rise to a special danger not incident to his ordinary work, and of which he was ignorant.

The judgment of the Circuit Court is reversed, and the case is remanded to the District Court for further proceedings consistent with this opinion, and the plaintiff in error recovers costs in this court.