## AMERICAN AGRICULTURAL CHEMICAL CO. v. HOGAN.

(Circuit Court of Appeals, First Circuit. April 21, 1914.)

### No. 1011.

1. EVIDENCE (§ 509*)—SUBJECTS OF EXPERT TESTIMONY—MATTERS OF COMMON KNOWLEDGE—CAUSE OF SCARS.

Expert opinion that the scars upon plaintiff's body were caused by acid burns is admissible, even though the scars were described and shown to the jury; the effect of acid not being a matter of such common knowledge as to preclude such testimony.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2312, 2313; Dec. Dig. § 509.*]

2. EVIDENCE (§ 506*)—EXPERT TESTIMONY—MATTER DIRECTLY IN ISSUE.

An expert may be asked a question involving an inference to be drawn, or a point to be decided, by the jury.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2309; Dec. Dig. § 506.*]

3. APPEAL AND ERROR (§ 1170*)—HARMLESS ERROR—OBJECTION TO QUESTION— CURE BY ANSWER.

An objection to a question asked an expert is trivial where the answer thereto was not prejudicial to the party objecting.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4032, 4066, 4075, 4098, 4101, 4454, 4540–4545; Dec. Dig. § 1170.*]

4. COURTS (§ 349*)—STATE LAWS AS RULES OF DECISION—IMPEACHMENT OF WITNESSES.

The Massachusetts rule allowing the former testimony of a witness to be introduced for the purpose of impeaching his subsequent testimony, without his attention having been first called to the former testimony, unless a party seeks to contradict his own witness, will be followed by the federal courts sitting in that state.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 925; Dec. Dig. § 349.*

State laws as rules of decision in federal courts, see notes to Wilson v. Perrin, 11 C. C. A. 71; Hill v. Hite, 29 C. C. A. 553.]

5. APPEAL AND ERROR (§ 1048*)—HARMLESS ERROR—ADMISSION OF EVIDENCE.

Error in admitting the former testimony of a witness for the purpose of contradicting his later testimony is harmless, where the testimony so ad-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

mitted was in substantial agreement with his later testimony so that the attempted contradiction failed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4140–4145, 4151, 4158–4160; Dec. Dig. § 1048.*]

**6. WITNESSES (§ 410*)—CORROBORATION OF IMPEACHED WITNESS BY FORMER STATEMENTS.**

The exception to the rule excluding previous consistent statements of a witness, which permits evidence of such statements where the imputation was made that the testimony of the witness was a recent fabrication, does not require the admission of such statements where the only impeachment was a showing by cross-examination that the witness was an employé of the party, with a suggestion that he had received recent favors from his employer which favors were not, however, shown to have been of any substantial benefit.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 1284; Dec. Dig. § 410.*]

**7. APPEAL AND ERROR (§ 971*)—REVIEW—DISCRETION OF TRIAL COURT—CORROBORATION OF IMPEACHED WITNESS.**

The trial court has a reasonable discretion in the admission of evidence of previous consistent statements to corroborate the testimony of a witness, and the appellate court is loth to disregard a reasonable exercise of such discretion.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3852–3857; Dec. Dig. § 971.*]

**8. TRIAL (§ 253*)—REQUESTED INSTRUCTION—DISREGARD OF ISSUE.**

Where an employé claimed that the fall of material upon him was caused by the fact that it was not in a proper condition, a requested instruction that the plaintiff, while working on the pile of material, assumed the risk of the fall of the upper portion thereof when the lower portion was undermined, was erroneous as disregarding the contention as to the condition of the material.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 613–623; Dec. Dig. § 253.*]

**9. TRIAL (§ 267*)—REQUESTED INSTRUCTIONS—MODIFICATION.**

A modification of such instruction by the addition of a proviso requiring the jury to find that the defendant was acting as a reasonable man in giving instructions to work on the pile of materials was proper.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 668–672, 674; Dec. Dig. § 267.*]

**10. WITNESSES (§ 397*)—INCONSISTENT TESTIMONY OF PLAINTIFF—EFFECT.**

Where an employé contended that the burns received by him when a pile of fertilizer fell upon him were acid burns, a slight inconsistency in his testimony, given at separate trials, as to the temperature of the fertilizer, did not amount to taking contrary positions at the two trials and therefore did not require the direction of a verdict for the defendant.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1265, 1266; Dec. Dig. § 397.*]

**11. TRIAL (§ 191*)—INSTRUCTIONS—ASSUMING FACTS.**

Requests for instructions which assume as a fact that the testimony of plaintiff was inconsistent with his former testimony, when the jury might have found otherwise, and which were instructions as to the facts rather than the law, were properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 420–431, 435; Dec. Dig. § 191.*]

In Error to the District Court of the United States for the District of Massachusetts; Clarence Hale, Judge.

Action by John Hogan against the American Agricultural Chemical

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

213 F.—27

Company.   Judgment for the plaintiff, and defendant brings error.
Affirmed.

Richard Stone, of Boston, Mass. (Robert B. Stone, of Boston, Mass.,
on the brief), for plaintiff in error.

George R. Farnum, of Boston, Mass. (Hannigan & Fox, of Boston,
Mass., on the brief), for defendant in error.

Before BINGHAM, Circuit Judge, and BROWN and MORTON,
District Judges.

BROWN, District Judge.   This writ of error is for review of rul-
ings of the District Court in an action for negligence, wherein the
plaintiff, Hogan, had a verdict.   The previous opinion of this court
may be found in 195 Fed. 494, 115 C. C. A. 404.

The chemical company, plaintiff in error, is a manufacturer of fer-
tilizer.   Its process includes the mixing of phosphate rock and sulphur-
ic acid, and involves chemical reaction.   From the mixer the material
is dropped into a den or bin below the mixer, and there accumulates.
Subsequently a door in the den is opened, and the laborers, with picks
and forks, work the material through an opening in the floor, so that
it drops into hand carts below.

Hogan, the plaintiff, while engaged in this work as a laborer, was
severely burned by the material upon which he was working.

The declaration is in two counts; the first alleging:

"Said negligence consisted in ordering him to work in a place which, by
reason of the presence of a large quantity of acid, was dangerous, and known,
or should have been known, by the defendant to be dangerous; said injury
was directly caused by the escape of said acid, which, coming in contact with
the plaintiff's body, burned his legs, abdomen, and back."

The second count alleges:

"That the said defendant negligently put him to work in a place unsafe be-
cause of the risk of the collapse and fall of dangerous substances, and care-
lessly failed to instruct or warn him of and concerning the aforesaid dangers,
or to promulgate proper rules, or to take measures to protect him from the
said dangers while working in said place."

It was not contended by the defendant that the risk of burning by
acid was an ordinary risk of the business or a risk known to or as-
sumed by the plaintiff.

If, as a matter of fact, the material was dangerous by reason of the
acid that it contained, and the plaintiff was ordered to work upon the
material while in such condition, he was exposed to an unusual and ex-
traordinary risk, and the jury was justified in finding the defendant
negligent.

The plaintiff testified that while he was at work upon the pile of
material in the ordinary way, and without undermining it, the stuff
slipped out of the pile and covered him to the waist, that his legs went
into the opening in the floor, and that the stuff was "steamy, hot, and
gassy—very hot."   The plaintiff contended that if the stuff had been in
proper condition to work it would have been impossible for the mate-
rial to collapse in this way.

The defendant denied not only that the material was dangerous as containing acid, but also that there was any risk of collapse unless the plaintiff was negligent in undermining the material, thus causing it to fall upon him. The defendant also contended that, while the material was not dangerous by reason of acid, it was hot, and that the plaintiff well knew this, and, in spite of warning, undermined the material, and thus brought it down upon himself.

There was a decided conflict of testimony upon the questions whether the plaintiff's burns were caused by acid, and whether the material was in such condition as to be likely to fall even if properly handled. An examination of the testimony, however, shows that the trial judge was clearly right in denying the defendant's requests for the direction of a verdict. There was testimony which entitled the plaintiff to go to the jury both upon the question whether the burns were due to acid and upon the question whether the material was in such condition as to involve the risk of collapse.

[1] There was considerable testimony to the effect that the burns were due to acid. Two physicians and a professor of chemistry testified for the plaintiff upon this subject, and one of the physicians testified as to the character of the scars while they were exhibited to the jury, and gave his opinion as to their origin. The defendant objects to the expert opinion as to whether the scars were caused by acid burning, upon the extraordinary ground that after the experts had given a full and complete description of the injuries the addition of their opinion, based entirely upon the physical situation of the scars, was error, for the reason that matters of common observation and of common knowledge are for the jury alone.

[2] That the character of wounds or the effect of acid on human flesh are matters of such common knowledge as to render inapplicable the ordinary rule which permits a doctor to give his opinion as to the cause of a wound or other physical injury is a proposition so clearly without merit that it needs no discussion. Nor is it an objection that the expert is asked a question involving an inference to be drawn or a point to be decided by the jury. This unsound objection, however, is so common that it may be useful to point out that in Transportation Line v. Hope, 95 U. S. 297, 298 (24 L. Ed. 477) it was said of the testimony of an expert:

"It is not an objection, as is assumed, that he was asked a question involving a point to be decided by the jury."

[3] The objection to the testimony of Prof. Gill, that the material after a certain time would be safe to work, on the ground that after the conditions had been described by the expert it was for the jury to say whether or not it was safe, and not for a chemist, involves this erroneous assumption. Furthermore, the objection is trivial, in view of the fact that the statement of the expert was in no wise prejudicial to the defendant.

[4] Error is also assigned to the admission against objection of testimony given by Dr. Drake at the former trial, for the purpose of contradicting his present testimony. It was objected that the attention of the witness had not been called to his previous statements in order to lay a foundation for contradiction. While this is generally required,

it appears to be unnecessary under the Massachusetts practice, except when a party seeks to contradict his own witness. See cases collected in Mass. Digest, vol. 7, cols. 15,787, 15,788; Mattox v. United States, 156 U. S. 237, 245, 252, 15 Sup. Ct. 337, 39 L. Ed. 409; Wigmore on Evidence, § 1026 and section 1028, note 1, p. 1193. Ordinarily the rules of evidence and the law of evidence of the state prevail in the federal courts sitting within the limits of the state. Ryan v. Bindley, 1 Wall. 66, 17 L. Ed. 559; Bucher v. Cheshire R. Co., 125 U. S. 555, 583, 8 Sup. Ct. 974, 31 L. Ed. 795; Ex parte Fisk, 113 U. S. 713, 720, 5 Sup. Ct. 724, 28 L. Ed. 1117; Nashua Savings Bank v. Anglo-American Co., 189 U. S. 221, 228, 23 Sup. Ct. 517, 47 L. Ed. 782. In Conrad v. Griffey, 16 How. 38, 47 (14 L. Ed. 835), the rule as generally established is applied, with the remark, "The rule of evidence is a salutary one, and cannot be dispensed with in the courts of the United States."

But that case did not involve the existence of a well-established state practice to the contrary.

[5] We see no sufficient reason for not following the state rule. But even were the plaintiff able to show technical error in admitting the testimony, this is not enough. The plaintiff in error must not only show an erroneous ruling admitting testimony, but that the testimony admitted was prejudicial in character.

The testimony admitted was a stenographic account of the former testimony of the witness that was in substantial agreement with his present testimony; the variations being so slight that the attempted contradiction failed. There is clearly no merit in the objection as applied to the particular facts of this case.

[6] It is further urged that the court erred in excluding evidence of the statement of the witness Kinney made immediately after the accident. It is conceded that as a general principle the testimony of a party's witness cannot be corroborated by previous statements made by him to the same effect, even if other inconsistent statements have been introduced in evidence. Commonwealth v. Jenkins, 10 Gray (Mass.) 485. The rule is also stated in Ellicott v. Pearl, 10 Pet. 412, 439, 9 L. Ed. 475.

The plaintiff in error contends that the general rule is subject to exception. In Griffin v. Boston, 188 Mass. 475, 74 N. E. 687, the court seems to have based the right to rehabilitate the credit of the witness upon the fact that the purpose of cross-examination was to show the witness' testimony to be a recent fabrication created under the influence of defendant's counsel. No such imputation is now made. It is urged that counsel in cross-examination attacked the witness on the ground of bias, by questions designed to support an argument that Kinney was testifying with an intent to favor the defendant, under the influence of recent favors received since the time of the accident. Upon cross-examination it appeared that Kinney was in the employment of the defendant, and that his employment at the time of the accident was working in the dens and had been changed to that of being a janitor in the boarding house. The witness stated that the job was no better, with no more pay, and that he would as soon have one job as the other.

In Commonwealth v. Tucker, 189 Mass. 457, 485, 76 N. E. 127, 137 (7 L. R. A. [N. S.] 1056), it was said that the rule of Griffin v. Boston "should be construed with some strictness, so as not to nullify the general rule." It seems to have been considered largely a matter of discretion of the trial judge.

The cross-examination was of the familiar character in examining an employé of a party. There was the usual imputation of bias arising from employment, with a further suggestion that the witness had received recent favors in a change of employment, although there was no proof that this change amounted to any substantial benefit.

It was further brought out that the witness Kinney had refused to talk with the plaintiff's lawyer.

All of this falls short of establishing improper influence or undue pressure, or recent fabrication. In view of the ordinary method of cross-examination, there would be left but little of the general rule excluding previous statements if an exception were established by ordinary cross-examination as to bias arising from such circumstances as appeared in the present case.

[7] A reasonable discretion in such matters should be allowed to the trial judge, and the appellate court, we think, should be loth to disregard a reasonable exercise of this discretion either in receiving or rejecting such evidence affecting the credit of the witness. The trial judge expressly stated that if it was in his discretion he should not allow the proof. We think, under the circumstances, there was no error in his rejection of the testimony.

[8] It is also urged that the court's qualification of certain requests for instructions as to assumption of risk was erroneous. The fifteenth request was as follows:

"15. The plaintiff, while engaged in shoveling, or working, on a pile of fertilizer, assumed the risk of the fall of the upper portion of such pile when the lower portion thereof was dug into, or undermined."

[9] The defendant clearly was not entitled to this instruction, since it was so general as to disregard the plaintiff's contention that the material was in such condition as to give rise to the risk of collapse. It was predicated upon the defendant's contention that the material was in suitable condition. The modification objected to is the addition of the words—

"providing you find that the defendant was acting as a reasonably prudent man in giving these instructions."

We think this was a proper modification, or at least a modification which, fairly interpreted, introduced the element which was lacking in the request; that is, that the instruction to go to work was given when the material was in the ordinary condition.

A like modification was given to the nineteenth and twentieth requests, and apparently for the same reason. Reading the instructions which are excepted to in connection with the context and with the whole of the charge, however, we are of the opinion that the jury were fully and clearly instructed, and that no prejudicial error could have arisen from these modifications.

[10] It is also urged that the court erred in the refusal to order a verdict because of the plaintiff's inconsistent testimony, and in its refusal of instructions as to plaintiff's inconsistent testimony. In support of these assignments of error, the plaintiff relies upon the opinion of this court in Smith v. Boston Elevated Ry. Co., 184 Fed. 387, 106 C. C. A. 497, 37 L. R. A. (N. S.) 429. These requests apparently are based upon a misconception of the point decided in that case, in which, after a verdict had been set aside by the Circuit Court of Appeals, there was the substitution of a new and inconsistent case by the uncorroborated testimony of a party. It was found upon consideration of the testimony in the two trials that there was complete departure from the original claim, and the making of a new and inconsistent claim. We find no such inconsistency between the plaintiff's testimony in the present trial and the testimony of the plaintiff in the former trial. So far as the first count is concerned, there is obviously no inconsistency, since mere knowledge that the material was of high temperature would be wholly insufficient to show knowledge of the danger of burning by acids. The argument as to inconsistency does not meet the contention of the plaintiff that he was negligently exposed to the danger of burning by acids, or to the danger of the collapse of the material by reason of its unsuitable condition. The inconsistency can be of no consequence except on the defendant's theory that the material was in the ordinary condition and suitable to be worked upon though hot. At both trials the plaintiff consistently contended that he was injured by acid burning, and that the defendant negligently exposed him to this danger.

The inconsistency upon which the defendant relies relates only to the plaintiff's knowledge of the temperature of the material upon which he was working. It is not quite clear whether the defendant fairly came up to the point of contending that it was usual to set the men to work when the material was so hot as to involve serious burning otherwise than by acid. From the testimony of Hogan and of Coleman, a former superintendent, it might have been found that under ordinary conditions of work the heat of the material was but moderate.

Reading the extracts from the testimony at the two trials, we find that at the last trial, although Hogan says at one time, in answer to cross-questions, that the material was not hot, at other times he says it was not very bad, not very hot, and that it must be a little hot; whereas at the first trial he testified that it was pretty hot. Clearly it would have been error to direct a verdict on the ground of such inconsistency.

[11] The eleventh and twelfth requests for instructions were properly refused for the above reasons, and also for the reason that they assumed the fact of inconsistency when the jury might have found otherwise, and because they were not properly requests for instructions in law, but erroneously involved instruction as to fact.

The case of Smith v. Boston Elevated Ry. Co. has no proper application when there are merely slight discrepancies in the testimony at two trials, not amounting to the taking of inconsistent and contrary positions as to a cause of action. The court properly instructed the jury that they might consider discrepancies as bearing upon the credit

of the plaintiff, and this was as far as the court was required to go upon this question.

The charge as a whole was sufficiently favorable to the defendant, and we find no substantial error either in the charge or in the rulings upon testimony.

The judgment of the District Court is affirmed, and the defendant in error recovers costs in this court.