## YEO v. COHEN et al.

(District Court, D. Massachusetts. May 21, 1925.)

No. 1886.

1. **Trusts ⟨⟩86—Presumption that real estate, paid for by husband, but title taken to wife, is intended as gift.**

When a husband pays for real estate, the title to which is taken in the name of his wife, there is a presumption that he intends the payment as a gift to her and that there is no resulting trust in his favor, and this presumption is not necessarily overcome by the fact that he afterward managed and collected the rents from the property.

2. **Estoppel ⟨⟩69—When estoppel arises from giving false testimony stated.**

A party, who falsely testified to a fictitious state of facts for his own benefit, will not, when his interest changes, be heard to say what the facts really were, but where the facts established by other evidence make out his case, his claim ought not to be denied because he resorted to intentional falsehood in an attempt to support it on a different and fictitious ground.

In Equity. Suit by George A. Yeo, trustee in bankruptcy of David H. Cohen, against Fanny Cohen and others. On exceptions to master's report. Report confirmed, and bill dismissed.

Benjamin A. Levy, of Boston, Mass., for plaintiff.

George I. Cohen, of Boston, Mass., for defendants Cohen.

MORTON, District Judge. The essential facts are as stated in the master's report and need not be repeated. The title to the real estate in question was taken in the name of Fanny Cohen, wife of the bankrupt, upon a conveyance to her from a third party, made on June 2, 1921, following a contract for sale and purchase made on May 5th preceding. The transaction was completed 2 years and 4 months before the present bankruptcy proceedings were instituted. At that time Cohen had just made a 50 per cent. settlement with his creditors and was amply solvent. All his creditors of that date have been paid. Persons who subsequently became his creditors did so with notice that this real estate was in his wife's name. The master has found, and upon a careful reading of the testimony I think he was probably right, that there was no intention on the part of Cohen to defraud creditors.

[1] The plaintiff's right to recover thus rests solely upon the contention that the property in reality belongs to David H. Cohen, the bankrupt, and that the title to it was taken in his wife's name, without the purpose and intent that she should be the real owner. It appears that a substantial proportion, if not all, of the money which was put into the property by the Cohens belonged to David. When a husband pays for real estate, the title to which is taken in the name of his wife, there is a presumption that he intends the payment as a gift to her, and consequently that there is no resulting trust in his favor. This presumption is rebuttable, and the trustee contends that the evidence as to David Cohen's collection of the rents and his other acts of ownership show that he did not intend to give the property to his wife. The master has found against the plaintiff on this contention, and I am not prepared to say that his finding is clearly wrong. The wife is an ignorant woman, unused to real estate; it would be very natural that her husband should manage the property even if it belonged to her; and the fact that he did so and acted as the owner does not seem to me sufficient to overcome the presumption.

[2] The final question is whether the defendants are in a position to avail themselves of the benefit of the presumption, or whether they are estopped—using the word in a somewhat loose sense—from doing so by their testimony in this case. They both testified under oath before the master, definitely and positively, that the property was paid for entirely with her money, the product of her own earnings, and that none of the husband's money went into it. These statements were shown to be knowingly and deliberately false. Apparently, if they had told the truth, there could have been no serious question about the wife's ownership. But they did not do so. Having, with intentional falsehood, testified that the property was purchased with her money, ought the wife to be permitted, when the truth is shown, to fall back on the presumption of a gift, and claim it on that ground? It is well settled that a party who falsely testified to a fictitious state of facts for his own benefit will not, when his interest changes, be heard to say what the facts really were. Smith v. Boston Elevated R. Co., 184 F. 387, 106 C. C. A. 497, 37 L. R. A. (N. S.) 429; American Agr. Chemical Co. v. Hogan, 213 F. 416, 130 C. C. A. 52; Davis v. Wakelee, 156 U. S. 680, 15 S. Ct. 555, 39 L. Ed. 578; Anthony v. Wise, 130 N. Y. 662, 29 N. E. 225; Behr v. Connecticut Mutual Life Ins. Co. (C. C. A.) 4 F. 357.

Cohen and his wife could not now testify that, although he paid for the property with

his money, his intention was to give it to her. Does their conduct preclude them from availing themselves of a legal presumption to that effect? The question is extremely close; but I think it should be answered in the negative. The punishment of perjury is not a function of a civil proceeding, although it may sometimes result from one, as the cases cited show, because courts will not permit parties to speculate in perjury, and try first one story and then another. But where the facts established by other evidence make out a party's case, I incline to the opinion that his claim ought not to be denied because he resorted to intentional falsehood in an attempt to support it on a different and fictitious ground. The facts entitling Fanny Cohen to the property are actually before the court; no testimony of hers is needed to prove them. The case is different from one in which a party repudiates his previous testimony as false, and claims to recover on the strength of a later inconsistent story which he tells.

Bill dismissed, but without costs.