## THOMAS MHOON v. GEORGE CAIN.

### No. 6422.

1. **Possession.**—For possession of land to be adverse it must amount to a disseisin of the owner.

2. **Limitation.**—Adverse possession of land upon which limitation may be sustained must consist of an actual and visible appropriation of the land, begun and con-

tinued under a claim of right inconsistent with and hostile to the claim of the owner. It must be of such a character as to indicate clearly an assertion of a claim of ownership in the occupant. Hence an occupant of land who enters upon it under no claim of right, and ignorant of the true owner, can not avail himself of the ten years statute during any portion of the period in which he is seeking the owner with a view of purchasing title. His testimony that he occupied and held adversely is immaterial when explained by his declaration that he was in possession with the design of buying from the true owner. See opinion for facts.

APPEAL from Montague. Tried below before Hon. F. E. Piner.
The opinion states the case.

*R. D. Rugely,* for appellant.—1. The burden of proof under the statute of limitations is on him who pleads it, and he must prove everything necessary to constitute a bar under the statute. Word v. Drouthett, 44 Texas, 369; Woodson v. Allen, 54 Texas, 554.

2. To constitute ten years naked possession a bar it must amount to a trespass for the whole period, and among other things it must be hostile to the owner for the whole period. Laws 1876, secs. 18, 19, p. 263; Word v. Drouthett, 44 Texas, 369, 370; Satterwhite v. Rosser, 61 Texas, 172; Ang. on Lim., sec. 384; Tied. on Real Prop., sec. 699.

3. Adverse possession depends on the intention to claim the property, and this is manifested (1) by the declarations of defendants, coupled with and explanatory of the possession, and (2) in the absence of declarations, by the exercise of such rights as pertain only to an owner. 44 Texas, 370; 61 Texas, 172; 65 Texas, 424; Ang. on Lim., sec. 384; Teid. on Real Prop., sec. 699.

*Stephens & Herbert,* for appellee.— "Any person who has the right of action for the recovery of any lands, tenements, or hereditaments against another having peaceable and adverse possession thereof, cultivating, using, or enjoying the same, shall institute his suit therefor within ten years next after his cause of action shall have accrued, and not afterward;" and it is immaterial whether or not the possessor thereof claims ownership in said lands and tenements, for his title to said land is acquired by "naked trespassing" and not by purchase. Rev. Stats., art. 3194; Craig v. Cartwright, 65 Texas, 413.

COLLARD, JUDGE.— We do not think the evidence in this case justifies the conclusion that defendant's possession was adverse to the title of the owner for the full period of ten years before the institution of the suit. The possession must be adverse to meet the terms of the statute. To be adverse it must amount to a disseisin of the owner. An occupation, use, and enjoyment such as amounts to a trespass, or a "possession with the exercise of such rights as pertain to an owner alone, would be deemed sufficient evidence of adverse claim, in the absence of some evi-

dence indicating that the land is held in subordination to the title of the true owner." Craig v. Cartwright, 65 Texas, 421, 424.

"Adverse possession" is defined by the statute to be "an actual and visible appropriation of the land, commenced and continued under a claim of right inconsistent with and hostile to the claim of the owner." Rev. Stats., art. 3198. "Possession, to be of any value to vest a right or bar a remedy, must be actual, continued, visible, notorious, distinct, and hostile. It must be fair and open, as the statute was not made to serve the purpose of artifice or trick." Bracken v. Jones, 63 Texas, 186. "And it must be of such a character as to indicate unmistakably an assertion of a claim of exclusive ownership in the occupant." Satterwhite v. Rosser, 61 Texas, 170–172; Word v. Drouthett, 44 Texas, 373.

Plaintiff's own evidence is that when he entered on the land he did not know who owned it, but after the entry he made inquiry for the owner that he might buy it, and agreed with Stone that they would buy it together; that he and Stone made frequent inquiry for the owner that they might buy it, until it was sold for taxes and bid in by one Williams, June 3, 1879. He testified that soon after this he bought the land from Williams and then sold the north half to Stone. The witness Stone corroborates this statement, and adds that they employed a land agent to look up the owner. Such a possession would not be inconsistent with that of the owner; it does not indicate a claim hostile to the owner's title. Such acts and declarations manifest a holding in subordination to the real title.

This suit was brought August 6, 1887, and if it be conceded that plaintiff's possession was adverse from the time he purchased from Williams in 1879, there was no such possession for ten years. It is true defendant testified that he occupied and held possession of the land adversely from the time of his original entry. This was, however, only his opinion; when he explains the character of his possession as under expectation or intention of buying the land from the owner we see that his opinion was incorrect. His adverse possession did not begin until he bought from Williams, if it did then. Having once held in subordination and recognition of the real title, he could not make it a hostile holding without a repudiation of the title evidenced by acts or declarations clearly manifesting that intention. When such repudiation occurred or how it occurred the evidence does not inform us. But we have seen it could not have been prior to the purchase from Williams, according to defendant's own testimony. It was therefore error to render judgment for defendant. Plaintiff exhibited a good title from the sovereignty of the soil to himself that was not defeated or barred by limitation, and judgment should have been rendered in his favor for the land.

The issues upon defendant's claim for improvements were not decided. We refrain from expressing an opinion at this time as to the sufficiency of his title or evidence to support the claim, as the court below did not pass

upon it, and as the elements of the claim and the items may not be reliably before us, the statement of facts not being made with special reference thereto.

The judgment should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted May 20, 1890.