## HUBB–DIGGS CO. v. MITCHELL.
### (No. 6607.)

(Court of Civil Appeals of Texas. Austin.
Oct. 17, 1923. Rehearing Denied
Nov. 15, 1923.)

**1. Appeal and error ⬤⟹870(3)—Right of review of ruling on plea of privilege waived by not appealing from order.**

A party by not availing himself of the right under Rev. St. art. 1903, as amended by Acts 1917, c. 176 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903), to review of ruling on defendant's plea of privilege, by appeal from the order, waives his right of review, and cannot have it on appeal from judgment on the merits.

**2. Estoppel ⬤⟹3(2)—No estoppel to amend petition setting up illegal contract.**

Plaintiff, by pleading in his sworn petition a contract, which on its face is illegal, is not estopped to set up by amended petition a contract embodying the same transaction in such manner and form as to remove the obnoxious features.

**3. Evidence ⬤⟹263(4)—Abandoned pleading admissible as admission, but open to explanation or contradiction.**

While a petition abandoned by the filing of an amended petition is admissible in evidence as an admission by plaintiff, it is like other admissions open to explanation or contradiction.

**4. Estoppel ⬤⟹58—Injury essential element.**

It is an essential element of estoppel that one shall have been misled or caused to act to his injury by the act of another.

**5. Appeal and error ⬤⟹1002—Jury's findings on conflicting evidence not disturbed.**

A jury's findings on conflicting evidence will not be disturbed on appeal, there being ample evidence to support them.

**6. Evidence ⬤⟹474(19)—Witness with knowledge of wholesale prices of tractors and freight rates qualified to testify to market value in a given locality.**

A dealer in Fordson tractors, with knowledge of their wholesale cost and freight charges, can qualify as a witness on their market value at a certain place, without knowledge of individual sales there.

**7. Pleading ⬤⟹311—Attached exhibits held made part of answer by its recital.**

Letters attached as exhibits to an answer, which it, after reciting their character, refers to as "hereby referred to and made a part hereof," are thereby made an integral part of the answer; and as such go in when the answer is introduced in evidence.

**8. Appeal and error ⬤⟹970(1)—Trial ⬤⟹58—Refusal after argument begun to allow withdrawal of evidence in trial court's discretion.**

Granting request of defendant after argument begun to withdraw letters, which, as part of an answer to a former motion, he had introduced, *held* in the trial court's discretion, so that, in the absence of abuse of that discretion, refusal thereof will not be disturbed on appeal, though the appellate court think it should have been granted.

Appeal from Coleman County Court; L. G. Mathews, Judge.

Action by W. I. Mitchell against the Hubb-Diggs Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Snodgrass & Dibrell, of Coleman, for appellant.

Critz & Woodward, of Coleman, for appellee.

BAUGH, J. Appellee, W. I. Mitchell, began this suit in the county court of Coleman county, Tex., against appellants April 7, 1920. He obtained a default judgment, from which an appeal was taken to this court, resulting in a judgment of reversal and remand. 231 S. W. 425. On October 3, 1921, appellee filed first amended original petition. Appellant urged plea of privilege, which was controverted by appellee. The plea of privilege was overruled December 2, 1921, to which action appellant excepted and filed in term time proper bill of exceptions. Appellant thereafter answered setting up several exceptions, general denial, and special plea of estoppel directed at the attempt of the appellee, since the reversal of the default judgment, to deny the existence of the terms of agreement which he had formerly sworn to. Appellee filed supplemental petition. The case was submitted to a jury on special issues, and, upon the findings of the jury, the court rendered judgment for the appellee for $989.-50. Appellant's motion for judgment was overruled and exception taken.

The record in this case is unnecessarily long and burdensome, and has not been prepared in accordance with the rules of the court. Appellant's propositions, 30 in number, are set out in irregular order, and do not refer to the assignments to which they are addressed. This has entailed much additional work on this court in disposing of same. Indeed, we think the court would be justified under the rules in declining to consider many of them, but we shall dispose of the salient facts raised by appellant.

[1] Appellant urges by proper assignment that the trial court erred in overruling its plea of privilege to be sued in Tarrant county. When this plea was overruled, appellant gave notice of appeal, but did not perfect same, and thereafter at a subsequent term of the court went to trial on the merits of the case. It is clear that it was the purpose of the Legislature in amending article 1903, R. S. (Acts of April 2, 1917, c. 176, par. 1 [Vernon's Ann. Civ. St. Supp. 1918, art. 1903]), to enable litigants to dispose of the matter of venue finally, when that was in controversy, without necessity of consuming the time of both trial and appellant courts on

the merits until the question of a proper venue was finally determined. Several of the Courts of Civil Appeals have held that, where a party fails to appeal on his plea of privilege, when overruled, and goes to trial on the merits, he waives his right to have same reviewed on appeal. This court is not disposed to hold to the contrary. Hill v. Brady (Tex. Civ. App.) 231 S. W. 145; Luse v. Cisco Grain Co. (Tex. Civ. App.) 241 S. W. 313; Smith Bros. Grain Co. v. Windsor (Tex. Civ. App.) 242 S. W. 350.

[2, 3] Appellant very earnestly insists that, appellee, plaintiff below, having set up a contract in his original petition, and having sworn to such pleading, and also in contesting appellant's motion, having again sworn to such contract so pleaded, and which shows upon the face of such pleadings to be illegal, as violative of the anti-trust laws of this state, is estopped in law and in good conscience to allege, by amended pleading, a contract embodying the same transaction in such manner and form as to remove the obnoxious features of his former pleadings. This presents a close question in this case. Appellant quotes at length in its brief from the opinion of the court in Smith v. Boston Elevated Ry. Co., 184 Fed. 387, 106 C. C. A. 497, 37 L. R. A. (N. S.) 431, which seemingly sustains its contention. We think the case at bar, however, is distinguishable from the one cited. In that case the plaintiff testified before a jury to certain physical facts in a damage suit against the railway company, on which she recovered a judgment. Her case was appealed and reversed, and in its opinion the appellate court passed upon that particular testimony, holding that it could not sustain a recovery. In a second trial of the case, she changed her testimony, and swore to a different set of physical facts which would and did enable her to recover in the trial court.

The case at bar is before us on plaintiff's amended pleading, which, on its face, states a legal cause of action. As a pleading the plaintiff's original petition was abandoned, and but for the fact that it was introduced in evidence by the appellant would not be before us on this appeal at all. It was introduced by appellant for the twofold purpose of sustaining its plea of judicial estoppel and for impeaching the testimony of the plaintiff. Abandoned pleadings are admissible as evidence, but are not conclusively binding upon the pleader, and it was within the province of the jury, to whom the case was submitted on special issues, to pass upon the weight to be given to admissions or allegations contained in such pleadings, as upon the weight of other testimony. Carr v. Grand Lodge United Bros. of Friendship (Tex. Civ. App.) 189 S. W. 510; H. E. & W. T. Ry. Co. v. De Walt, 96 Tex. 121, 70 S. W. 531, 97 Am. St. Rep. 877. Such pleadings are admissible under the rule which allows admissions against interest, but they are open to explanation or contradiction like other admissions. In the case of the Railway Co. v. De Walt, above cited, the Supreme Court uses the following language:

"It is sometimes the fact that allegations are made by the attorney * * * upon a misunderstanding of the facts and not by authority of the party, and this of course may be shown."

We think this may be true, even in the case of sworn pleadings. We cannot attach the same gravity or probative value to statements set out in a pleading which is required by law to be sworn to (and which usually is sworn to in the office of the attorney preparing same and at his request or under his direction), as we do to the testimony of the party on the witness stand, in the presence of the court and jury, where he is subjected to cross-examination. In the present case, taking the plaintiff's abandoned verified pleadings alone, they show clearly an illegal contract between the plaintiff and the defendant. The defendant, both in his pleading and in his testimony, denied ever having made any such contract. The plaintiff, testifying before the jury, and under a rigid and extensive cross-examination by appellant's counsel, explained the actual transaction on which the pleadings were based. The question as to whether or not plaintiff and defendant did make a contract violative of the anti-trust laws was clearly submitted to the jury, and they found that no such illegal contract was made. If the plaintiff, as in the case of Smith v. Boston Elevated Ry. Co., above cited, had testified on a former trial to specific facts which constituted an illegal contract, and then on a subsequent trial directly contradicted such former testimony, we would be inclined to agree with appellant that in good conscience he would be estopped. But such is not true in the case at bar. When he took the witness stand under his amended pleadings, he explained his former pleadings in such manner that the jury found in his favor and against the defendant, appellant here, and we think the jury's findings were supported by the evidence.

[4] Nor can it be asserted that the appellee in this case has caused the appellant to change his position, to act in any way to his injury, or to rely in good faith on any of appellee's statements or allegations in his abandoned pleadings. In no sense has the appellant been misled or caused to act to his injury by the change of appellee's pleadings. This is an essential element of estoppel. We therefore overrule appellant's assignments on this point.

[5] Appellant also complains by assignment that the special findings of the jury were contrary to and not supported by the evidence. We think the record discloses ample evidence

to sustain the findings, and, though conflicting in some instances, it was the special province of the jury to determine its weight, and this court will not disturb their findings in such cases.

[6] It is urged that the trial court erred in allowing plaintiff to testify as to the market value of Fordson tractors at Santa Anna, because none had been sold there, and he was the only agent for such tractors in Coleman county. We think there is no merit in this contention. It is not necessary to have an active local market in such merchandise for a dealer to qualify as to market value. In products so universally used and advertised as those of Henry Ford & Son, and with knowledge of their wholesale cost and freight charges, we think a dealer could qualify as a witness on market value in a given locality without the knowledge of individual sales, just as a cotton buyer could qualify on the price of cotton in a given locality, basing his qualifications upon the price of cotton on distant cotton exchange.

[7, 8] Error of the trial court is urged in its refusal to permit appellant to withdraw certain letters written by appellant to appellee, which were attached as exhibits to appellee's answer to appellant's motion for a new trial after a former trial of this case. This answer was introduced by the appellant on its plea of estoppel, and no request was made to the trial court at the time of its introduction to withdraw or detach the exhibits. An examination of this answer discloses that it refers to such exhibits after reciting their character, as "hereby referred to and made a part hereof." This recital made them an integral part of the answer itself, and as such they went with it as evidence. Appellant did not ask that they be withdrawn until the testimony was closed and argument of counsel had begun. Granting appellant's request at that stage of the proceeding was a matter within the discretion of the trial court. Hatzfeld v. Walsh, 55 Tex. Civ. App. 573, 120 S. W. 525; Knights of Maccabees of the World v. Johnson (Tex. Civ. App.) 143 S. W. 718; Railway Co. v. Harden (Tex. Civ. App.) 236 S. W. 146. Though we think that the trial court should have granted appellant's request to withdraw them under the circumstances, we are not prepared to say that he was guilty of abusing his discretion in his refusal to do so.

Finding no reversible error, the judgment of the trial court is affirmed.

Affirmed.