## SOUTHERN SURETY CO. v. INABNIT et al.
### (No. 342.)

Court of Civil Appeals of Texas. Eastland. Sept. 16, 1927.

Rehearing Denied Nov. 18, 1927.

**1. Master and servant** ⟜346—Compensation laws are expression of theory that accidents should be chargeable to expenses of industries.

Workmen's Compensation Laws, including Texas Workmen's Compensation Law (Vernon's Ann. Civ. St. 1925, arts. 8306–8309), came into existence in response to general acceptation of broad economic theory that industrial accidents should properly be chargeable to overhead expenses of the industries.

**2. Master and servant** ⟜348—Compensation laws should be liberally construed.

Workmen's Compensation Laws are remedial in nature, and should be liberally construed with view to promoting their objects, and should not be restricted by exceptions and exact definitions not in harmony with their spirit.

**3. Master and servant** ⟜361—Receiver could employ himself as individual and become entitled to compensation from insurer for injuries (Workmen's Compensation Law [Vernon's Ann. Civ. St. 1925, arts. 8306–8309]).

Receiver of company who was named as assured in policy of compensation insurance was separate entity from himself as an individual, and could employ himself as an individual and become entitled to compensation from insurer under Workmen's Compensation Law (Vernon's Ann. Civ. St. 1925, arts. 8306–8309), in absence of bad faith or statutory inhibitions.

**4. Master and servant** ⟜346—Action for workmen's compensation is founded on implied contract (Workmen's Compensation Law [Vernon's Ann. Civ. St. 1925, arts. 8306–8309]).

Action for compensation under Workmen's Compensation Law (Vernon's Ann. Civ. St. 1925, arts. 8306–8309), is not founded on tort, but on implied contract.

**5. Master and servant** ⟜361—Receiver, employing himself as individual, can personally sue insurer for compensation (Workmen's Compensation Law [Vernon's Ann. Civ. St. 1925, arts. 8306–8309]).

Receiver of company who is named as assured in policy of compensation insurance, and employs himself as an individual, can maintain suit against insurer to recover compensation as an individual, under Workmen's Compensation Law (Vernon's Ann. Civ. St. 1925, arts. 8306–8309).

**6. Master and servant** ⟜361—Implied contract of employment of receiver as individual permits recovery of compensation from compensation insurer (Workmen's Compensation Law [Vernon's Ann. Civ. St. 1925, arts. 8306–8309]).

Contract of employment between receiver of company and himself as an individual need not be express to permit recovery of compensation from insurer under Workmen's Compensation Law (Vernon's Ann. Civ. St. 1925, arts. 8306–8309), but is sufficient, if merely implied.

#### On Rehearing.

**7. Master and servant** ⟜405(2)—Evidence in compensation case held not to sustain finding that injured receiver received salary as employee (Workmen's Compensation Law [Vernon's Ann. Civ. St. 1925, arts. 8306–8309]).

Evidence, in proceeding under Workmen's Compensation Law (Vernon's Ann. Civ. St. 1925, arts. 8306–8309), held not to sustain finding that receiver of company received $150 monthly salary as employee so as to be entitled to compensation for injuries sustained as receiver's employee.

**8. Evidence** ⟜265(1), 589—Testimony and admissions of party are binding on him, and do not merely raise fact issues.

Testimony and admissions of party are binding on him, and do not merely raise issues of fact.

**9. Master and servant** ⟜401—Petition by receiver to recover compensation as individual from insurer held insufficient in failing to allege receipt of salary as employee (Workmen's Compensation Law [Vernon's Ann. Civ. St. 1925, arts. 8306–8309]).

Petition by receiver of oil company to recover compensation as an individual from insurer under Workmen's Compensation Law (Vernon's Ann. Civ. St. 1925, arts. 8306–8309) held insufficient in failing to specifically allege that petitioner was paid $150 per month or any other sum for services as pumper.

Appeal from District Court, Eastland County; Geo. L. Davenport, Judge.

Proceeding under Workmen's Compensation Law by John Inabnit, as employee of John Inabnit, receiver of Harris-Fisher Oil Company, opposed by the Southern Surety Company, insurer. An award of compensation was affirmed by the district court, and the insurer appeals. Reversed and remanded.

---

⟜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Horace C. Bishop, of Dallas, for appellant.
Butts & Wright, of Cisco, for appellee.

HICKMAN, J. Prior to the date of the transactions disclosed in this opinion, the Harris-Fisher Oil Company was producing oil in Eastland county, and the appellee John Inabnit was employed by the company as a pumper on a salary of $150 per month. The appellant, Southern Surety Company, had issued a policy of compensation insurance to the oil company, whereby the company became a subscriber under the Workmen's Compensation Law of this state (Vernon's Ann. Civ. St. 1925, arts. 8306–8309). On the 1st day of September, 1925, upon application of one of the creditors of the said oil company, L. H. McRea was by the district court of Eastland county duly appointed receiver thereof. Thereupon the policy of insurance was transferred to McRea as receiver of Harris-Fisher Oil Company. Appellee continued to work for the receiver in the same capacity as he had for the oil company. Later McRea resigned as receiver, and an order was entered by the court discharging him as such, and appointing one H. C. Steele in his place; appellee continuing to work during the receivership of Steele in the same capacity. After Steele was appointed receiver, the policy of insurance was written in his name as receiver of Harris-Fisher Oil Company. Thereafter Steele resigned, and an order of the court was entered discharging him, and appointing the appellee as his successor. The appellee qualified as receiver, and served in that capacity from the date of his appointment, up to, and including, the day of the trial of this cause. After appellee was appointed receiver, the policy of insurance was transferred to him by an indorsement attached thereto showing its transfer to "John Inabnit, receiver, Harris-Fisher Oil Company." This transfer, by indorsement, became effective at noon on November 1, 1925. On the 22d day of December, 1925, appellee sustained an injury while discharging the duties of a pumper. He presented his claim for compensation to the appellant, which claim was denied by appellant on the ground that he was the assured in the policy, and not an employee. He then, in due time, presented his claim for compensation to the Industrial Accident Board, which board by final ruling made on the 2d day of June, 1926, awarded him compensation as an employee protected under the terms of the policy. The appellant properly appealed from the award of the board to the district court of Eastland county, the county in which the injury occurred. Trial of the case was had before the court without a jury, and, on December 2, 1926, final judgment was rendered granting the appellee a recovery of compensation for 45 weeks, at $20 per week, and a certain sum for medical bills. From this judgment an appeal has been duly perfected to this court.

The learned trial judge made his findings of fact. Among these findings are the following:

"That during all the time that the defendant worked in the capacity of pumper for the said McRea and the said Steele he received as compensation the sum of $150 per month. That, after the receivership had been pending for some time, and a number of interested parties and creditors of the Harris-Fisher Oil Company became interested in reducing the expenses of the receivership, and as the production on the oil lease was small, it was agreed between a large number of the creditors, and approved by the court, that the defendant John Inabnit would serve as receiver of the estate, and perform all the duties he was then performing or had been performing during the time he had been working as pumper on the lease, without additional compensation, and in that way the receiver's fee or salary which the estate had theretofore been required to pay might in that way be eliminated. Under this agreement the said defendant John Inabnit was by the court appointed as receiver of the said Harris-Fisher Oil Company, which position he still holds. That after his said appointment the said Inabnit continued to perform all the work and labor which he had previously performed, which was that of pumper on the Harris-Fisher Oil Company lease, receiving the same salary which he had been receiving. That on or about the 23d day of December, 1925, and after the defendant had been appointed receiver of the Harris-Fisher Oil Company, while performing his duties as pumper on the lease owned by the said Harris-Fisher Oil Company and operated under the receivership, he, the said John Inabnit, was injured. * * *"

The controlling question in the case is whether the appellee, who, as receiver, was named as the assured in the policy of compensation insurance, was protected as an employee under the terms of the policy. Counsel agree that this is a question of first impression. Our search for authorities has not disclosed any case passing upon the exact question, although we think the principles controlling the disposition of the case are well established.

[1, 2] A determination of the question here presented depends in a large measure upon the view adopted of the purposes prompting the enactment of the Workmen's Compensation Laws. Appellant states that they were enacted to the end that an employer of labor might, by becoming a subscriber thereunder, be relieved of liability for injuries to his employees, and that liability assumed by the insurer. Keeping this purpose in mind, the conclusion is very naturally and logically reached that no liability exists in this case. We cannot adopt appellant's statement of the purposes of this legislation. The leading authorities, including the Supreme Court of our state, speaking through the commission in the cases of Millers' Mutual Casualty Co. v. Hoover, 235 S. W. 863, and Cook v. Millers' Indemnity Underwriters, 240 S. W. 535, agree that Workmen's Compensation Laws came in-

to existence in response to a general acceptation of the broad economic theory that industrial accidents should properly be chargeable as a part of the overhead expenses of the industries. These laws are remedial in their nature, and should be liberally construed with the view of promoting their objects. The early tendency of our courts to construe them strictly because they were thought to be in derogation of common law has long since given place to a liberal rule of construction. The rule now prevailing prevents the restriction of the scope of the laws by exceptions and exact definitions not in harmony with their spirit. It being conceded that appellee was protected as an employee before he became receiver, and that he continued to perform the same duties after appointment as before, the inquiry arises, What legal impediments arose by his appointment as receiver? Several impediments are urged by appellant, which we shall notice briefly.

[3] It is urged that appellee, as receiver, was the assured in the policy of insurance, and, within the meaning of this law, was the employer, and could not maintain the dual role of employer and employee. We think this contention was decided in principle adversely to appellant in an opinion by the Commission of Appeals in the case of Millers' Mutual Casualty Co. v. Hoover, supra. The labor performed by appellee as pumper was not for the benefit of himself, but for the benefit of the estate and its creditors. As between the estate and the creditors thereof, appellee, as receiver, was an indifferent and impartial person, and was not the agent or legal representative of either; but in dealing with third persons for the benefit of the estate and its creditors he was the legal representative of the estate. The fact that he, as receiver, employed laborers created no personal liability against him, but did create a liability against the estate of which he was receiver. This estate, acting through its receiver, was the real employer, and, in making contracts of employment, the appellee, as receiver, was acting solely for the estate. There is nothing inconsistent in his occupying a dual role of receiver and pumper. In the absence of any statutory inhibition or any suggestion of bad faith or unfair dealing, contracts between one in his individual capacity and himself as receiver are not void. By the very nature of his office, a receiver, as such, is a separate entity from himself as an individual; his liability as receiver is separate and distinct from that as an individual; and in accepting an appointment as receiver he necessarily assumes the dual role of individual and receiver. We cannot sustain this contention.

[4, 5] But it is urged that, if the appellee, as receiver, had not been a subscriber under the Workmen's Compensation Law, and if he, as an individual, had been injured in the course of his employment, he could not have maintained his action at common law against himself as receiver for injuries sustained on account of the negligence of the receiver. Conceding that to be correct, it is not at all analogous to the instant case. An action for compensation as an employee under the Workmen's Compensation Law is not founded upon tort, but upon an implied contract. The question here is not whether appellee could maintain a suit against himself founded upon tort, but whether appellee can enforce contractual obligations against a third person which accrued to him by virtue of an implied contract between himself personally and the estate acting through himself as receiver. In the instant case appellee is not suing the estate of which he is receiver, but is suing a third person. As an individual, he acquired by contract certain rights against the appellant, and is by this action seeking to enforce these rights. We think it is no answer to his suit for appellant to say that appellee could not maintain a suit against himself as receiver for injuries resulting from tortious negligence. To state an analogous case, suppose there had been owing to this estate by appellant a promissory note, and that appellee, as an individual, had purchased that note from himself as receiver, paying the full value therefor. To his suit on the note it would certainly be no defense to show that appellee, as an individual, had contracted with himself as receiver for the purchase of the note. This contention of the appellant is overruled.

Another proposition urged by appellant is that the facts do not show that appellee was receiving a daily wage for his labor as an individual. On cross-examination appellee testified that, after he was appointed receiver, his salary was $150 a month, and that he received that salary as receiver. He further testified, in substance, that for a long time prior to his appointment as receiver he had received $150 per month, and that his entire salary after his appointment was the same amount; that, after his appointment as receiver, he did and performed all the work as pumper which he had performed prior to the appointment. Construing the evidence together, we think it supports the conclusion of the trial court that appellee was at the time of the injury being paid $150 per month for his services as pumper on this lease.

[6] It is urged that there was no contract of employment between appellee, as a pumper, and himself, as receiver. No express contract is required. Certainly an implied contract was shown.

Appellee was not a stockholder in the Harris-Fisher Oil Company. He was performing manual labor for the sole benefit of the company and its creditors, under a contract not void at law, and for a daily wage. By virtue of his employment and the issuance of the policy of compensation insurance in evidence in this case, he acquired certain contractual rights against appellant. No statute prevents

his recovering upon that policy; the spirit and purposes of the compensation laws do not bar him; and we know of no principle of law pointing to any other conclusion than that he is entitled to recover compensation for his injuries.

All assignments of appellant will be overruled, and the judgment of the trial court affirmed.

#### On Rehearing.

[7] Upon more mature consideration of this case on rehearing we have concluded that a wrong disposition was made thereof in our original opinion, and that the case should be reversed and remanded for another trial.

The evidence will not support our finding that appellee was being paid $150 per month for his services as pumper at the time of the accident. If the evidence were considered apart from the testimony of the appellee himself, and if we would be justified in construing appellee's testimony as a matter of opinion merely, as we did in arriving at our conclusions expressed in the original opinion, the evidence would be sufficient; but we were not justified in so construing the evidence. The appellee himself, whose testimony indicates that he is an intelligent witness, and whose appointment as receiver would indicate as much, testified in the following language:

"When I was appointed as receiver, of course, I wanted some compensation, I wanted some money. There was a definite understanding as to what I was to receive as receiver. I understood I was to receive a certain amount as receiver. That amount was $150. That is as receiver and to look after the lease.

"I was fully aware of the fact that I was receiver of the Harris-Fisher Oil Company, and acting as such."

[8] The testimony of a party to a suit and admissions made by him must be construed as binding upon him, and not merely as raising issues of fact. His testimony is governed by different rules to those governing witnesses who are not parties. Mhoon v. Cain, 77 Tex. 316, 14 S. W. 24; Nerio v. Christen (Tex. Civ. App.) 189 S. W. 1038; Smith v. Ry. Co. (C. C. A.) 184 F. 387, 37 L. R. A. (N. S.) 429; Hubb-Diggs Co. v. Mitchell (Tex. Civ. App.) 256 S. W. 702.

The evidence quoted can be construed by us in no other light than that this salary was paid to appellee as receiver. The most favorable light to appellee in which it could be construed would be that a part of it was paid to him as receiver and a part for looking after the lease. The amount which it was estimated would compensate him for his services as receiver and the amount which would compensate him for his services as a pumper are not separated in the testimony, and we are therefore left without any wage upon which to base the amount of compensation. If, as a matter of fact, appellee agreed to do the work

as a pumper without pay, on condition that he be paid this wage as receiver, he had the right to make that agreement, and we have no authority to change it or otherwise construe it. If appellee's salary was paid him as a receiver, he would have been entitled to draw that salary, even if the wells had ceased to produce and he had been thereby relieved of his duties as pumper on the day following his appointment. If that was the nature of his employment, as his evidence indicates, then it follows as a necessary conclusion that there was no wage as a pumper upon which compensation could be based.

[9] The appellee's pleadings do not specifically allege that he was receiving the sum of $150 per month, or any other sum, for services as pumper on the lease. The petition is insufficient on that account.

The motion for rehearing is granted; the judgment of this court at a former day affirming the judgment of the trial court is set aside; the judgment of the trial court is reversed, and the cause remanded.