## JOHNSON v. MARTINEZ. (No. 10526.)

Court of Civil Appeals of Texas. Dallas.
May 23, 1929.

Clark & Clark, of Dallas, for plaintiff in error.

Smithdeal, Shook, Spence & Bowyer, of Dallas, for defendant in error.

VAUGHAN, J. Plaintiff in error was plaintiff and defendant in error was defendant in the court below, and said parties will be designated herein as plaintiff and defendant, respectively. Plaintiff sued defendant in trespass to try title, claiming title by the statute of ten years' limitation to a tract of land 20 fee by 30 feet, fronting on Burk street, and by fee-simple title to a tract of land 5 feet x 125 feet, a part of a tract of land 105 feet x 155 feet, being known and identified as city lots Nos. 1301, 1303, 1305, 1307, and 1309 Broom street, of the city of Dallas. Plaintiff alleged, as to said strip of land 5 feet x 125 feet, as follows: "That the defendant now owns a lot, 20 feet x 125 feet, and also claims 5 feet x 125 feet of plaintiff's said adjoining premises, with the intent and purpose of acquiring title to said 5 feet x 125 feet of land under and by virtue of the ten years' statute of limitation."

While other lands were described in her petition, plaintiff only put in issue the title to said two tracts of land, one 20 feet x 30 feet, and the other 5 feet x 125 feet. Of the pleas contained in defendant's original answer, it is only necessary to note that of not guilty; ten years' statute of limitation as to a tract of land 20 feet x 155 feet definitely described by proper field notes, as follows: "Beginning on the southwest line of a tract of land sold to B. E. Andrews at al. by A. A. and S. E. Johnson, by deed dated December 15, 1888, north 42° west 300 feet from where the same intersects the west line of Cochran street; thence with said line 42° west 155 feet; thence north 45° east 20 feet; thence parallel with said original southwest line, 20 feet therefrom, 155 feet; thence in a southwesterly direction 20 feet to place of beginning;" a count by way of a cross-action claiming title under the ten years' statute of limitation to said tract of land 20 feet x 155 feet, and as to this tract of land alleged that on or about the 12th day of April, 1926, he was lawfully seized and possessed, holding and claiming the same in fee-simple title; and a plea of disclaimer as follows: "Except as embraced in the description herein contained, defendant disclaims any right, title, or interest in and to the lands and premises described in plaintiff's petition."

By an amended answer, defendant alleged that he was "the owner by fee-simple title under a regular chain of transfers connected with the sovereignty of the soil of the land described in plaintiff's petition, as being a strip of land 5 feet in width and 155 feet in length, and as a parcel of land fronting 20 feet on Burk street with a depth of 30 feet, having purchased same for a valuable consideration about 1902, and that at all times since that date he has been in the actual possession of said land, using and enjoying the same, and for more than 16 years has had a house on that part of said land 5 feet wide and 125 feet in depth, claiming all of said land, including the 20x30 feet described in plaintiff's petition, and paying all taxes thereon, and that his said possession and use have been uninterrupted until about 18 months ago, when the plaintiff, without authority and without the knowledge and consent of defendant, began using the 20x30 feet by putting iron pipe and other articles thereon, and by building on the side of the warehouse described in plaintiff's petition a chute or vent pipe of some kind for the discharge of waste material from said warehouse." Defendant prayed that his original answer and cross-action be taken as a part of his amended answer. Based on an instructed verdict in favor of defendant, the trial court rendered judgment that plaintiff take nothing by her suit, and that defendant recover of plaintiff the 20 feet x 155 feet of land as described by field notes in his cross-action.

While plaintiff presents five propositions in her brief in support of her appeal, it is only necessary to discuss the first, as same presents every feature of the case necessary to be discussed in order to determine whether or not the rights of the parties involved were properly disposed of, namely: "The trial judge committed fundamental error in instructing a verdict in favor of defendant, when plaintiff's testimony was at least sufficient to require the submission of the case to the jury as to whether plaintiff was entitled to recover both or either of the parcels of land for which she sued."

To the above proposition, defendant presents the following counter propositions:

"(a) While the evidence was insufficient to show such use of an adverse claim to the 20 x30 feet as would mature title by limitation, it is unnecessary to consider the sufficiency of such use and evidence of such claim in view of the undisputed testimony of H. J. Johnson, agent of plaintiff in error, who acted exclusively for her, that he sought to purchase the property from defendant in error about eight years prior to the date of trial, which was less than ten years after any adverse possession could have begun, and this effectually destroyed the adverse nature of any occupation or claim."

"(b) There being no evidence that plaintiff

in error had title to the alleged 4x155-foot strip of land, it was not error for the court to instruct a verdict for the defendant in error."

The material facts as found by us to have been established by the evidence introduced will be developed in the discussion of the above propositions. Was defendant's counter proposition (a) established by the evidence? If so, no further discussion will be necessary in order to dispose of the question presented in reference to the tract of land 20x30 feet. Plaintiff in her brief, as well as by admission made by her counsel in open court, conceded that this tract of land was a part of the lot 20x155 feet, described in defendant's answer, and which he had acquired by a good and sufficient fee-simple title. Therefore the one question remaining is whether or not there was established by the evidence that, before plaintiff's possession of said 20x30 feet of land matured into a title by limitation, she, acting through her agent, H. J. Johnson, offered to buy said land, so as to make her possession not adverse as to defendant?

In determining this matter, we must have recourse alone to the testimony of the witness, H. J. Johnson. On this issue said witness, during the trial of the cause on the 12th day of October, 1928, testified as follows:

"As to when it was that I offered to buy this strip 20x125, it was something like five years ago, when we wanted to put in cold storage. I had a conversation with Mr. Martinez about two years before this lawsuit, in which I offered to buy the frame house next to our property. (Plaintiff's original petition filed April 15, 1926.) I offered to buy whatever he had there. I did not say, 'Mr. Martinez, I would like to buy this strip of land 20x125 feet here with the two-story house on it.' I told him I would like to buy the building; I did not mention anything about the size. I don't remember the exact words I used. I wanted to buy whatever he had there; we were claiming this 20x30. I do not remember what words I used in addressing Mr. Martinez. I know we wanted to buy what he had there. I don't remember whether the question, 'Did you hear Mr. Martinez testify that you tried to rent that property from him?' was asked, and that I answered, 'Yes, sir.' If that was asked me, I suppose I did answer that. As to whether that question was asked me, and that was my answer, probably so. I don't remember if the question 'Did you ever try to rent if from him?' was asked me by Judge Clark. If it was why—I don't remember it. As to answering, 'No, I tried to buy it from him one time,' I never did try to buy— Judge Clark probably did ask me, 'When was that?' and I answered, 'That was about six years ago, I think; something like that; I probably did testify that. I don't remember just what took place in that trial. As to Judge Clark asking me, 'What was your idea'—, and me

answering, 'Buy all the property he had in that strip for the purpose of putting in a cold storage plant.' I don't think I answered it exactly that way; I am not positive. As to Judge Clark asking me, 'Please state to the court what property you tried to buy from Mr. Martinez,' and my answering, '20 x155 feet,' I answered 20x125 feet; I will swear that is what I answered. That is what my answer would have been if I had understood the question; that is what I say. I tried to buy 20x125 feet from Mr. Martinez, the balance of what he had. As to whether Judge Clark then asked me, '20x155 feet?' and I answerd, '20x155 feet, including this 30 feet that we were using already,' if I had understood the question, that would not have been my answer. I possibly might have made that answer. As to whether the court interrupted and asked the question, 'Twenty by how much?' and I then completed my answer and said, '20 by 155 feet, including this 30 feet that we were already using,' I offered to buy the 125-foot strip. I answered that question in that way, 'that I tried to buy the 20x155-foot strip, including the 20x30 that we were using already. As to whether I was asked on cross-examination in that case, 'Mr. Johnson, see if I understand that statement; about six years ago, was that right, that you tried to buy this property from Mr. Martinez?' and I answered, 'Approximately, I think,' at that time I was attempting to buy—I suppose I did say that, but— This 20 feet faced on Ardrey or Broom street, and the entire strip ran back to Burk street. I don't remember you asking me, 'The 20 feet adjoining the property— the property adjoining your building?' and that I answered, 'Yes;' but that is probably true. I did not tell Martinez, when I was talking about this property what I wanted to buy. I told him I wanted to buy the old building and lot; he understood that. I did not tell him at that time that I was claiming this strip back there. I couldn't say that he had any idea I was claiming it; I didn't tell him I was, and he didn't ask me about it. I offered to buy the building and lot. I knew at that time that we did not own the 20x30, unless we got it by limitation. We had the same right to this 20x30 that he had to our 4 feet. I knew that it took ten years for limitation to run; I knew that title would not be ours until the ten years limitation had run on the property. I knew we did not own the 20x30 at that time. On the former trial of this case, two years ago, I answered that I tried to buy this property five or six years ago. I was asked the question on cross-examination on the former trial, 'Did you describe it as being a 20-foot strip?' and I answered, 'Didn't describe it at all;' and then I was asked, 'His property adjoining your warehouse?' and I answered, 'So we might use it in connection with our warehouse.' As to whether I was asked, 'The

question I asked you was, if you told him you wanted to buy this property which adjoined your warehouse?' and I answered, 'I asked him to buy his property,' and then you asked me, 'Which property? The property up on Main street?' and as to whether I answered 'No; the 20 feet that he had facing on Burk street,' Burk street is not correct; we were then using the property facing Burk street; should be Broom street. If I answered that question, 'The 20 feet he had facing on Burk street,' I didn't understand the question; it should have been Broom street, instead of Burk street. The old building there faces on Broom street. As to whether I am willing to swear that I did not say on a former trial that I offered to buy the strip 20x 155 feet, I offered to buy the strip 125x20; that is what I said. I don't think I ever answered that I wanted to buy this property facing on Burk street. On the second trial of this case, I was asked this question, 'Did you give Mr. Martinez notice that you were claiming this 20x30 feet back there?' and I answered, 'No, sir.' I offered to buy the property he had, and adjoining the warehouse, his house and lot. I have forgotten exactly when that was, but was about eight years ago now. I testified two years ago that it was five or six years; that would make it seven or eight years from now. I did not mention the size of it. I did not tell him I claimed the 20x30."

■ What conclusion would a mind of ordinary intelligence gravitate to as the sole and only effect produced by the above testimony? We think it but in consonance with human intelligence to say that it would be that plaintiff was not claiming to be in the peaceful adverse possession of any part of defendant's 20x155 feet of land; that she recognized defendant to be the owner of and entitled to the possession of same, with authority to alienate his title by deed of conveyance.

■■ The effect of plaintiff's proposition made by her through her agent, H. J. Johnson, before she had acquired title by limitation to said tract of land 20x30 feet, was to destroy the effect of such prior possession as being adverse, and rendered same of no value for the purpose of being considered as a basis upon which to establish claim of title under the statute of limitation. One in the possession of property, to acquire title by limitation, cannot be said to be in peaceful possession, unless such possession is adverse, not only as to the owner of the record title, but to all of the world.

■■ To acquire title under the statute of limitation, the prerequisite of adverse possession must be continuous, persistent, consistent, and openly asserted at all times, especially when called into question, or when an occasion may arise to deal with or speak in reference to the property so sought to be acquired, especially in dealing with, the owner who in fact has title thereto. Mental reservation of one's intentions will not suffice, as such possession must be open and notorious, both as to possession and as to the character of claim, namely, whether adverse or otherwise by virtue of such possession.

Plaintiff's agent did not tell defendant what he wanted to buy, further than that he wanted to buy the old building and lot; he did not inform him that plaintiff was claiming the 20x30 feet of land, and he knew at that time that plaintiff did not own said lot, unless she got it by limitation, and knew it was necessary to have 10 years' peaceable adverse possession to acquire the title by limitation; in fact, said agent did not know that defendant had any idea that plaintiff was claiming said tract of land, did not specify what part of defendant's lot he wished to purchase, but impressed him undoubtedly with the idea that he wanted to buy all of the lot, as no other conclusion could be reached from the above facts sworn to by said witness.

■■ At best, the most favorable effect of said witness' testimony in behalf of the plaintiff is that said witness had some mental reservation at the time he had the conversation with defendant in reference to the purchase of the property involved, to the effect that he did not mean to offer to buy the 20x30 feet in controversy, but the evidence utterly failed to show that defendant had any knowledge of any claim being made to said 20x30 feet by plaintiff. Under the law, when said offer to purchase was made, defendant could not have been charged with notice of or bound by the undisclosed mental reservation of said Johnson, the agent of plaintiff. This offer to purchase was made seven years prior to the date of the trial of this cause, had October 11, 1928, and about four years and six months before suit was filed, namely, April 15, 1926, and four years and six months less than ten years after any adverse possession could have begun, as a new period of adverse possession was necessary and could have begun only after the offer to purchase was made, as it effectually destroyed the adverse nature of any prior occupation or claim of title under the statute of limitation. R. W. Wier Lbr. Co. v. Eaves (Tex. Com. App.) 296 S. W. 481; Houston Oil Co. v. Pullen (Tex. Com. App.) 272 S. W. 439; McDonald v. McCrabb, 47 Tex. Civ. App. 259, 105 S. W. 238; Satterwhite v. Rosser, 61 Tex. 166; Gillean v. City of Frost, 25 Tex. Civ. App. 371, 61 S. W. 345; T. & N. O. R. Co. v. Speights, 94 Tex. 350, 60 S. W. 659; Mhoon v. Cain, 77 Tex. 316, 14 S. W. 24; Chapman v. Dickerson (Tex. Civ. App.) 223 S. W. 320; Stephenson et al. v. Barrow et al. (Tex. Com. App.) 15 S.W.(2d) 575.

■■ As to the strip of land referred to by plaintiff in her petition as 5x125 feet, and by defendant in his pleading as 4x155 feet, the plaintiff by her pleadings only put in issue a strip 4x125 feet, and claimed same as a part

of her lot, 104x155 feet. Plaintiff's lot is adjoined on the east by defendant's 20x155-foot lot. Plaintiff did not claim title to or seek to recover any portion of the land embraced within defendant's field notes as pleaded by him, both in his pleas of limitation and cross-action, except the 20x30-foot tract. Likewise defendant did not, in his original answer, plead limitation as to any land that was not included in the filed notes, as contained in his answer describing the tract 20x 155 feet. In fact, he disclaimed title to or any interest in any land described in plaintiff's petition that was not included in the field notes, to the 20x155 feet of land, described in his answer; however, in his amended answer, defendant did plead the statute of 10 years' limitation as to the strip of land described in plaintiff's petition as 5x 155 feet. Therefore there was involved in this suit only two tracts of land—one 20x30 feet, and the other 5x125 feet. The evidence clearly established that, if defendant was in possession of any portion of plaintiff's land, he had acquired title thereto under the statute of 10 years' limitation. This was admitted, both in plaintiff's brief and in open court by her counsel. However, such admissions were not necessary, as the proof clearly established that defendant's house, when constructed, about 15 years before the suit was filed, covered 20x125 feet of land, and that he had been continuously in the peaceable adverse possession thereof since the date the house was constructed.

· Defendant's plea of disclaimer was only as to land that he was not in possession of, he alleging that his house had been constructed so as to appropriate only his land, namely, 20x125 feet of the tract of land described by him in his pleadings. The plea of limitation thereafter filed was not effected by said disclaimer, as he still contended that he had acquired the land on which his house had been constructed by purchase, and held fee-simple title thereto. The proof established that, prior to defendant's building his house, a question arose as to the location of the division line between the two tracts of land, viz. plaintiff's 104x155-foot lot and defendant's 20x155-foot lot; that a survey was made and defendant moved back some 10 or 12 inches on the line which was by said survey ascertained to be the division line of said properties, as the east line of plaintiff's tract and the west line of defendant's tract. The amended answer filed by defendant, in which said plea of limitation was specifically urged to the strip of land 5x125 feet, had the effect to withdraw said disclaimer, in so far as said strip of land was concerned, and plaintiff was put on notice that, as to said strip of land, said disclaimer was withdrawn, and defendant did rely on his claim of fee-simple title and title by limitation. The burden of proof rested upon plaintiff, in order to have applied defendant's plea of disclaimer to the 3½x125 feet of land, which she claimed defendant was in the possession of by having built his house thereon, to have established that said tract of land was not included within the field notes of the 20x155 feet of land, as same were alleged to be the proper course and distance of the boundary lines within which said 20x155 feet was contained, as defendant's plea of disclaimer did not apply to the land claimed by him to be so bounded. This burden plaintiff failed to discharge.

A correct disposition of the issues presented by the parties to this suit having been made, the judgment of the trial court should be affirmed; and it is so ordered.

Affirmed.