statute makes no provision that an officer included within its terms vacates his civil office.

The real question before us is: Does relator by being called into the active service of the National Guard of the United States vacate the civil office held by him in the State? We are not called upon to decide whether he vacates his commission in the National Guard of the United States. That is a question for the Federal authorities to decide, and not for us to determine.

The case of Thomas L. Fekete, Jr., v. City of East St. Louis, supra, was decided on December 16, 1924, and the decision in that case was based on certain other decisions, among which was the opinion in Lowe v. State, 83 Tex.Cr.R. 134, 201 S.W. 986. In the course of the opinion it was said: "The identical question here involved was decided in Lowe v. State, 83 Tex.Cr.R. 134, 201 S.W. 986. In that case a judge became an officer in the National Guard in 1917, and was later taken by the United States as an officer in the military service. Under a constitutional provision practically identical with ours, the court held when the judge accepted the position of an officer in the military service of the United States, and was placed on the pay roll as such, he vacated his office as judge."

As pointed out in our original opinion, Sections 33 and 40 of Article 16 of the Constitution of Texas, Vernon's Ann.St., were adopted for the purpose of avoiding the holding in the Lowe case. The case of Thomas L. Fekete, Jr., v. City of East St. Louis, supra, was decided long prior to the adoption of Sections 33 and 40 of Article 16 of the Constitution, and the opinion in that case is not applicable to the case before us. It is not in any way in point, or even persuasive. The case of United States ex rel. v. Dern, Secretary of War, supra, involved the construction of an Act of Congress wherein, in substance, it was provided that under the War Department Appropriation Act of 1933 an officer in the National Guard, receiving a pension from the United States, cannot, without surrendering the pension, receive benefits extended by the Federal Government to members of the State Militia. See Act March 4, 1933, sec. 1, 47 Stat. 1589; Act June 15, 1933, 48 Stat. 153. Thus it will be seen that the question involved in that case was the right to draw both a pension and compensation under the Federal laws. The question involved here was not involved

in that case, and the court did not have before it for construction the provisions of a state constitution similar to Sections 33 and 40 of Article 16 of our Constitution. Therefore the opinion of the court in that case is not applicable here.

We have carefully considered the contentions made by the Attorney General in his motion for rehearing, and same are hereby overruled. With the corrections herein made, our former opinion stands.

**STANOLIND OIL & GAS CO. et al. v. STATE et al.**

Motions Nos. 14284, 14287; No. 7412.

Supreme Court of Texas.

Dec. 19, 1940.

For former opinion, see 133 S.W.2d 767.

Turner, Rodgers & Winn, of Dallas, Clay Tallman and Donald Campbell, both of Tulsa, Okl., Collins, Jackson & Snodgrass, of San Angelo, Cantey, Hanger, McMahon, McKnight & Johnson, Warren Scarborough, Gillis A. Johnson, and Ira Butler, all of Fort Worth, Henry H. Brooks, of Austin, and Geo. T. Wilson, of San Angelo, for plaintiffs in error.

Wm. McCraw, Former Atty. Gen., H. Grady Chandler, of Austin, and Gerald C. Mann, Atty. Gen., for defendants in error.

J. B. Dibrell, Jr., of Coleman, John Sayles, of Abilene, Bryan, Suhr, Bering & Bell and E. H. Suhr, all of Houston, and Wagstaff, Harwell, Douthit & Alvis, of Abilene, amici curiae.

SHARP, Justice.

After a careful consideration of the motions for rehearing filed in this cause, we have decided to modify the original judgment rendered in this cause.

We have set out in our original opinion the method whereby the Stanolind Oil & Gas Company attempted to obtain a lease from the State of Texas on the land in controversy. The evidence in this cause consists of records made by the Stanolind Oil & Gas Company and the testimony of its surveyor regarding his efforts to obtain such lease, and which testimony on this issue is undisputed. The Stanolind Oil & Gas Company made no effort to explain or modify the statements contained in such records to the effect that such land was vacant and was subject to lease.

The Stanolind Oil & Gas Company by its acts unquestionably admitted such land to be vacant and subject to lease. After the introduction of much testimony, the trial court determined that the land in controversy was vacant and that there was no issue of fact for the jury to determine. The General Land Commissioner, acting on the record before him, executed leases on the land involved here in accordance with the provisions of the statutes.

The authorities hold that where a litigant admits positive and definite facts, which if true would defeat his right to recover, and such statements or admissions are not subsequently modified or explained by him so as to show that he was mistaken, although testifying in good faith, he is conclusively bound by such admissions, and cannot successfully complain if the court directs a verdict against him. Watkins Co. et al. v. King, Tex.Civ.App., 83 S.W.2d 405; Southern Surety Co. v. Inabnit et al., Tex.Civ.App., 1 S.W.2d 412; Mhoon v. Cain, 77 Tex. 316, 14 S.W. 24; Nerio v. Christen, Tex.Civ.App., 189 S.W. 1038; Smith v. Boston Elevated Ry. Co., 1 Cir., 184 F. 387, 37 L.R.A.,N.S., 429; Hubbs-Diggs Co. v. Mitchell, Tex.Civ.App., 256 S. W. 702; Stephenson v. Barrow, Tex.Com. App., 15 S.W.2d 575, 576, 577; Broad River Lumber Co. v. Middleby, 4 Cir., 194 F. 817, 821, par. 3; Harlow v. Leclair, 82 N. H. 506, 136 A. 128, 50 A.L.R. 973, 976, 977, and note page 979 et seq.; 17 Tex. Jur., p. 577 et seq.

We again reiterate the fundamental rule that it is the purpose of the law to put an end to litigation and expedite the administration of justice. This Court, in the recent case of Permian Oil Co. v. Smith et al., 129 Tex. 413, 107 S.W.2d 564, 567, 111 A.L.R. 1175, said: "It must be borne in mind that the purpose of the law remains constant to prevent the failure of justice as the result of permitting the retrial between the same parties or their privies of a cause of action or of an issue which has been finally disposed of."

We hold that, if it should be determined that all or any of the land involved here is embraced in other surveys, all rights held by any party or parties, not parties to this suit, in such lands embraced in such survey or surveys shall not be affected by this decision.

The motion for rehearing filed by plaintiffs in error, Stanolind Oil & Gas Company et al., is hereby overruled. The motion for rehearing filed by defendants in error, State of Texas et al., is granted in part, as shown by the following reformation of the judgment of the District Court, but in all other respects said motion is overruled.

It is ordered and decreed that the judgment of the District Court be reformed so

that same shall not prejudice or affect the rights, if any, of persons not parties to this suit with respect to the tract of land described in the District Court judgment, and such judgment shall not adjudicate or affect the boundaries of any land except that heretofore described in the District Court judgment. As thus reformed, the judgment of the District Court is affirmed, and the judgment of the Court of Civil Appeals is reversed.

MOORE, C. J., disqualified and not sitting.